IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 15, 1999 Session

## JANICE CAROLINE (SHERRILL) HILLYER
## v. CHARLES LEE HILLYER

**Appeal from the Circuit Court for Montgomery County**
**No. C3-805      James E. Walton, Judge**

**No. M1998-00942-COA-R3-CV - Filed March 13, 2001**

The issues in this post-divorce case arise because the former husband's waiver of military retirement pay in order to receive disability benefits cut off the former wife's receipt of her portion of the retirement pay which had been awarded to her in the distribution of marital property. The former wife filed a contempt petition, seeking to reinstate her portion of the benefits. The trial court, relying on *Gilliland v. Stanley*, an unpublished opinion from this court, denied her motion for contempt. In light of our Supreme Court's holding in *Johnson v. Johnson*, 37 S.W.3d 892 (Tenn. 2001), we reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., and WILLIAM B. CAIN, JJ., joined.

Christine Zellar Church, Clarksville, Tennessee, for the appellant, Janice Caroline (Sherrill) Hillyer.

Mark A. Rassas, Clarksville, Tennessee, for the appellee, Charles Lee Hillyer.

**OPINION**

This appeal involves issues relating to military retirement pay. Federal law authorizes state courts to treat the "disposable retired pay [of a service member] . . . either as property solely of the member or as property of the member and his spouse," 10 U.S.C. § 1408(c)(1),[1] thus allowing division of such retirement benefits as marital property upon the dissolution of a marriage. However, "disposable retired pay" does not include amounts deducted from that pay as a result of a waiver of

---

[1] In 1982, Congress adopted the Uniformed Services Former Spouses' Protection Act, codified at 10 U.S.C. § 1408, in response to *McCarty v. McCarty,* 453 U.S. 210, 101 S. Ct. 2728 (1981), which held that Federal law pre-empted the application of state community property law to military retirement pay.

retired pay . . . in order to receive compensation under . . . title 38 [disability pay]." 10 U.S.C. § 1408(a)(4)(B). In order to receive disability pay, a former service member must waive a corresponding portion of his or her retirement pay. 38 U.S.C. § 5305. Disability pay is exempt from federal, state and local taxation, and this exemption provides an incentive for a former service member to make the waiver which otherwise would have no economic impact. *Mansell v. Mansell*, 490 U.S. 591, 583-84, 109 S. Ct. 2023, 2026 (1989).

At the time the case before us was argued, the law was settled that state courts cannot treat disability pay as marital property subject to division upon divorce. *Mansell*, 490 U.S. at 594-95, 109 S. Ct. at 2032 (state court could not treat that portion of husband's total retirement pay which was disability pay as marital property in its division of property at the time of divorce).[2] However, it remained unsettled whether a post-divorce waiver of retirement pay in exchange for a corresponding amount of disability pay could reduce a former spouse's previous award, as marital property, of a portion of the military retirement pay. That is the issue presented by the facts of this appeal.

Janice Caroline Sherrill Hillyer ("Wife") was awarded a divorce from Charles Lee Hillyer ("Husband") in 1986. The trial court awarded her $400 per month as alimony for "a period of five (5) years or until the Defendant's retirement from military service, whichever event occurs first." The court also awarded Wife, as part of her share of marital property, "forty per cent (40%) of the Defendant's gross military retirement benefits." A short time after the divorce, Husband retired from the military and Wife began receiving her 40% of his retirement pay.[3] Shortly thereafter, Husband became 100% disabled from heart disease and opted to receive veterans' disability benefits rather than retirement pay. As a result of Husband's waiver of retirement benefits, Wife no longer received any portion of Husband's income based on his military service.[4]

In 1988, after the payments based on Husband's military service stopped, Wife filed a motion for contempt and sanctions or, alternatively, for modification of the final decree. In a 1989

---

[2]Ironically, after prevailing before the U.S. Supreme Court, Mr. Mansell got no relief from his divorce decree. On remand, the California Court of Appeals held that Mr. Mansell had, by signing the property settlement agreement, waived his right to assert that the court has exceeded its jurisdiction by awarding that portion of his disability benefits to Ms. Mansell. *In re Marriage of Mansell*, 265 Cal. Rptr. 227, 234 (Ct. App. 1989).

[3]Because later statements of the trial court indicated that it attempted to set the alimony at the same amount as the anticipated retirement benefits awarded to Wife, we assume that 40% of Husband's retirement pay was approximately $400 per month.

[4]Federal law provided a mechanism by which a former spouse of a military retiree could receive his or her share of the retirement pay directly from the military. 10 U.S.C. § 1408(d); *see also Mansell*, 490 U.S. at 585, 109 S. Ct. at 2027. An election to receive disability benefits reduces the amount of retirement pay by the amount of the disability payment, thereby automatically reducing the direct payment to the former spouse. *Johnson v. Johnson*, 37 S.W.3d 892, 894 (Tenn. 2001).

memorandum opinion,[5] the trial court rejected Wife's motion for contempt, but stated that it would modify the divorce decree to provide for the continuation of the $400 monthly alimony payments for the five year period following the divorce notwithstanding Husband's retirement, and award her a judgment for "arrearages." In so doing, the trial court fashioned a short-term solution, but did not address the issue of whether Wife was entitled to her previously awarded share of Husband's retirement benefits. Husband paid the judgment and the alimony as ordered. When the modified alimony award terminated, Husband stopped paying anything to Wife.

In 1996, Wife filed a second contempt petition, arguing that the designation of Husband's retirement pay as disability benefits deprived her of the payments ordered under the original divorce decree by reassigning her portion to Husband, who refused to reimburse her. The petition also sought judgment on the arrearages Husband had not paid.

A hearing was held on April 28, 1998, at which Husband made the following stipulations:

That in 1988, he suffered, on two separate occasions, two separate heart attacks. In 1993, he underwent bypass surgery, 1995, he was diagnosed with congestive heart failure, in 1996, he became on the list as a heart transplant candidate. He is now receiving one hundred percent (100%) VA disability. He did not submit an application for this. When he was in St. Thomas, it is apparently their procedure, they mailed his records, since he is a veteran, to the VA and the VA designated him as one hundred percent (100%) disabled. He receives no military retirement pay. The only monies that he receives is his VA disability and he has no other income from other sources.

Relying on *Gilliland v. Stanley*, No. 3258, 1997 WL 180587 (Tenn. Ct. App. Apr. 16, 1997) (no Tenn. R. App. P. 11 application filed), an unpublished case from this court, the trial court denied the relief sought on June 2, 1998. Wife commenced this appeal.

I.

Shortly after argument of this case, this court heard argument in another case involving the same issue and was informed that several other cases involving the issue were in various stages of litigation or appeal.[6] A few months later, the Western Section of this court released its opinion in *Johnson v. Johnson*, No. 02A01-9901-CV-00015, 1999 WL 713574 (Tenn. Ct. App. Sept. 14, 1999), and held that relief was not available under Tenn. R. Civ. P. 60.02 to a former wife whose monthly share of the former husband's military retirement benefits was reduced by $181.00 per month by his waiver of a portion of his retirement pay for disability benefits. The Supreme Court of Tennessee

---

[5]The trial court's order, which should have accompanied the memorandum opinion and was to be prepared by the wife's then counsel, was not entered until much later. Wife has since retained new counsel.

[6]*See Smith v. Smith*, No. M1998-00937-COA-R3-CV, 2001 WL 242562 (Tenn. Ct. App. Mar. 13, 2001) (no Tenn. R. App. P. 11 application filed).

then granted permission to appeal in *Johnson* and has now issued its opinion which guides our decision in the case before us. *Johnson v. Johnson*, 37 S.W.3d 892 (Tenn. 2001).

In *Johnson*, the parties entered into a written marital dissolution agreement (MDA) which awarded the wife "$1,845.00 per month as support" until the husband retired, at which time she would "receive one-half of all military retirement benefits due" the husband. *Johnson*, 37 S.W.3d at 894. After the husband's retirement, the wife received $1,446 per month, half of the husband's retirement pay, for about a year. The husband "later elected, pursuant to federal law, to receive a portion of his retirement pay in the form of tax-free disability benefits. His retirement pay was reduced by the amount of those disability benefits to avoid double payment. . . ." *Id.* As a result, the wife's share of the retirement pay was also reduced. The wife petitioned the court to modify the final decree, asking that the husband be ordered to pay alimony in the same amount her payments had been reduced, or in the alternative, to modify the judgment pursuant to Tenn. R. Civ. P. 60.02(5) (a party may be relieved from judgment for "any other reason justifying relief"). *Id.* The trial court and this court denied relief to the wife, holding that *Gilliland v. Stanley*, which denied relief to the former spouse under very similar circumstances, controlled. The Supreme Court granted Ms. Johnson's application to appeal, and reversed.

The Supreme Court noted, that while alimony awards may be modified under certain circumstances, "court orders distributing marital property are not subject to modification." *Id.* at 895. The Court then held that military retirement pay is marital property subject to distribution and that the payments to Ms. Johnson were periodic distributions of marital property rather than alimony. As such, the division of retirement pay was not subject to later modification. *Id.* Rather than deciding that this conclusion precluded relief to Ms. Johnson, the Court determined that it had the opposite effect.

> We are of the opinion, however, that Ms. Johnson's characterization of her petition as one seeking "modification" is incorrect. The whole of her argument and the remedy she seeks indicate that she desires no more than that which she originally received at the time of Mr. Johnson's retirement: one half of the military retired pay he was entitled to receive at the time of his retirement. . . . [Her argument] alleges that the parties agreed to a course of action, that the trial court ordered that action, and that Mr. Johnson has failed to perform as ordered.

*Id.* at 895-96.

The Court looked to the terms of the MDA, and determined that "all military retirement benefits" was not defined in the document, but found the phrase to be unambiguous. *Id.* at 896. The Court found that "all military retirement benefits" has a usual, natural, and ordinary meaning, "all amounts to which the retiree would ordinarily be entitled as a result of retirement from the military." *Id.* Accordingly, the Court held that "Ms. Johnson's interest in those 'retirement benefits' vested as of the date of entry of the court's decree and could not be unilaterally altered." *Id.* at 897.

-4-

It further held:

> That rule of law, however, is the very reason Ms. Johnson prevails in this case. Once Ms. Johnson obtained a vested interest in Mr. Johnson's "retirement benefits," Mr. Johnson was prohibited from taking any action to frustrate Ms. Johnson's receipt of her vested interest. "Nothing in the [USFSPA] suggests that a court's final award of a community property interest must [or may] be altered when the military retiree obtains [disability benefits]." *Gaddis,* 957 P.2d at 1013.[7] Mr. Johnson's failure to compensate Ms. Johnson to the extent of her vested interest in his retirement benefits constituted a unilateral modification of the MDA and the divorce decree in violation of *Towner.*[8]

> We hold that when an MDA divides military retirement benefits, the non-military spouse has a vested interest in his or her portion of those benefits as of the date of the court's decree. That vested interest cannot thereafter be unilaterally diminished by an act of the military spouse. Such an act constitutes an impermissible modification of a division of marital property and a violation of the court decree incorporating the MDA.

> In so holding, we are undeterred by the United States Supreme Court's ruling in *Mansell v. Mansell*, 490 U.S. 581 (1989). *Mansell* held that the USFSPA "does not grant state courts the power to treat as property divisible upon divorce military retirement pay that has been waived to receive veterans' disability benefits." The trial court's decree did not divide Mr. Johnson's disability benefits in violation of *Mansell.*

*Id.* at 897-898 (citations omitted).

The Court remanded the case to the trial court with instructions that the trial court "enforce its decree to provide Ms. Johnson with the agreed upon monthly payment . . . without dividing Mr. Johnson's disability pay," having already determined that Ms. Johnson's vested interest in half of Mr. Johnson's retirement pay entitled her to $1,446.00 per month. *Id.* at 898.

II.

The case before us differs from *Johnson* in one respect: the Hillyers did not have an MDA. Ms. Hillyer's right to a share of Mr. Hillyer's retirement pay arises from the order of the court entered as part of their divorce proceedings in 1986. The fact that the Hillyers did not have an MDA

---

[7]*In re Marriage of Gaddis*, 957 P.2d 1010 (Ariz. Ct. App. 1997).

[8]*Towner v. Towner*, 858 S.W.2d 888 (Tenn. 1993).

does not affect the application of *Johnson* to this case.[9] The conclusion reached by the Supreme Court in *Johnson* is based to a large extent on the principle that a distribution of marital property cannot be later modified by one of the parties.[10] This principle applies because the property division became a judgment of the court. *Towner v. Towner*, 858 S.W.2d 888, 890 (Tenn. 1993). Thus, it is the incorporation of the MDA into the court order which made it nonmodifiable. *Id.*; *Penland v. Penland*, 521 S.W.2d 222, 224 (Tenn. 1975). The Supreme Court's language in *Johnson* affirms this reasoning, "the divorce decree's apportionment of that marital property is not subject to modification." *Johnson*, 37 S.W.3d at 895. Similarly, the court's primary holding in *Johnson* makes the absence of an MDA irrelevant: "We further hold that Ms. Johnson's interest in those "retirement benefits" vested as of the date of the court's decree and could not be unilaterally altered." *Id.* at 897. The Court further held that an act of a military former spouse which reduces or eliminates a vested interest of the non-military former spouse in retirement pay "constitutes an impermissible modification of a division of marital property and a violation of the court decree incorporating the MDA." *Id.* It is just as much an impermissible modification and violation of the court decree where the division of property was ordered by the court without an MDA.[11]

III.

Like Ms. Johnson, Ms. Hillyer brought this action "in order to recoup the loss . . . of support," in the form of deferred distribution of marital property, that resulted from her former spouse's election to receive disability benefits and his failure to directly make up that loss. We hold that at the entry of the divorce decree Ms. Hillyer obtained a vested right to forty per cent (40%) of Mr. Hillyer's "gross military retirement benefits" and is entitled to enforce that decree.

Accordingly, we reverse the trial court's denial of relief to Ms. Hillyer and remand this case to the trial court for proceedings necessary and appropriate, consistent with this opinion, to enforce

---

[9] We note that the case relied upon by the Supreme Court, *In re Marriage of Gaddis*, involved a court ordered property division rather than an agreement by the parties. *Gaddis*, 957 P.2d at 1010.

[10] Judicial modification may be available under Tenn. R. Civ. P. 60.02 in limited circumstances, but "the bar for attaining relief is set very high." *Johnson*, 37 S.W.3d at 395 n.2.

[11] We are unpersuaded by Mr. Hillyer's attempts to characterize the waiver of his retirement pay in exchange for disability benefits as something other than his unilateral act. Having failed to retract the waiver or to otherwise disavow the benefits of the substitution of the disability pay, he cannot seek to be relieved of its consequences on the basis he did not "act." We note that, pursuant to 38 U.S.C. § 5305, Husband was only able to receive the disability benefits "upon the filing . . . of a waiver of so much of [his] retired or retirement pay as is equal in amount to such pension or compensation." Further, he has failed to pay his former spouse the money that she stopped receiving directly from the military, certainly a voluntary and unilateral act on his part. In *Johnson*, the Supreme Court distinguished other effects on the amounts received, noting, "of course, normal fluctuations in the value of military retirement benefits not occasioned by the acts of the parties cannot constitute a unilateral deprivation of a vested interest. *See Gaddis*, 957 P.2d at 1011 (describing fluctuation in military spouse's gross retirement pay). *But cf. Pierce*, 982 P.2d at 999 (likening retirement benefits diminished by the unilateral act of military spouse to a marital asset that has simply "declined in value")." *Johnson*, 37 S.W.3d at 397 n.4.

its 1986 decree distributing marital property, including consideration of the amount his monthly obligation to her as well as her request for arrearages. Husband shall be credited with such amounts as he paid in alimony in accordance with the trial court's order extending the duration of the alimony obligation. As the Supreme Court directed in *Johnson*, such enforcement shall be accomplished without dividing Mr. Hillyer's disability pay. We interpret that instruction as only limiting the trial court's ability to order direct payments to Ms. Hillyer from the payor of Mr. Hillyer's benefits, which we understand to be the Veterans Administration.

Costs are taxed to the appellee, Charles Lee Hillyer, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE