# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 6, 2012 Session

## GREGORY LEE CAIN v. BONNIE JEAN (WHITE) CAIN

**Direct Appeal from the Chancery Court for Montgomery County**
**No. DI-87-0057471     John H. Gasaway, III, Judge**

---

**No. M2011-00902-COA-R3-CV - Filed April 4, 2012**

---

This appeal requires us to construe a provision of the parties' 1987 divorce decree with respect to the amount of Bonnie Jean White Cain's ("Wife") share of Gregory Lee Cain's ("Husband") military retirement benefits.  After thoroughly reviewing the record, we conclude that the trial court erred in interpreting the 1987 divorce decree.  Accordingly, we reverse and remand this matter to the trial court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

H. Reid Poland, III, Franklin, Tennessee, for the appellant, Gregory Lee Cain.

Jonathan E. Richardson, Nashville, Tennessee, for the appellee, Bonnie Jean Cain.

### MEMORANDUM OPINION[1]

The relevant facts in this matter are undisputed.  Husband entered active duty in the United States Army in 1968.  On July 15, 1970, the parties were married.  After

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

approximately seventeen years of marriage, the parties were divorced by a Final Decree of Divorce entered on December 21, 1987. The Final Decree provides, in pertinent part, that:

> The Court is of the opinion that the Husband's military retirement benefits are marital property and as such are subject to division by this Court. It is the finding of the Court that the Wife is entitled to forty percent (40%) of the Husband's military retirement benefits, which benefits shall be computed as of October 1, 1987. The Wife shall not be entitled to any increase in the Husband's military retirement benefits, which benefits are earned by the Husband following October 1, 1987, as a result of the Husband's longevity with the military, increase in rank or benefit otherwise actually earned by the Husband; provided, however, that Wife shall share a like proportion in any cost of living or similar adjustment as computed following the Husband's retirement. Based upon twenty (20) years of active service and as computed as of October, 1987, the Husband's gross military retirement pay is One Thousand Two Hundred Sixty and 30/100 Dollars ($1,260.30) per month, with a Federal tax deduction of One Hundred Fifty-One Dollars ($151.00) per month, for a net pay of One Thousand One Hundred Nine and 30/100 Dollars ($1,109.30). The Wife is therefore entitled to Four Hundred Forty-Three and 72/100 Dollars ($443.72) per month from the Husband's military retirement benefits, plus forty percent (40%) of any cost of living or such other adjustment to the Husband's retirement pay. The Wife's portion of the military retirement benefit shall be paid by allotment, and the Husband shall execute the necessary documents to effectuate the same.

The Final Decree was not appealed.

On April 1, 1993, after more than twenty four years of service, Husband retired from the military. Subsequently, Husband became one hundred percent (100%) disabled and opted to receive disability benefits from the Veterans Administration rather than retirement pay. As a result of Husband's waiver of retirement benefits, Wife received significantly reduced payments for a short period of time, and eventually stopped receiving payments altogether.[2]

---

[2]As previously explained by this Court in *Hillyer v. Hillyer*, 59 S.W.3d 118 (Tenn. Ct. App. 2001):

> Federal law provided a mechanism by which a former spouse of a military retiree could receive his or her share of the retirement pay directly from the military. An election to receive disability benefits reduces the amount of retirement pay by the amount of the disability payment, thereby automatically reducing the direct payment to the former spouse.

(continued...)

On January 10, 2003, Wife filed a petition for contempt alleging that Husband never paid any of the cost of living adjustments as required under the Final Decree, and that Husband impermissibly modified the trial court's division of marital property in the Final Decree by opting to receive disability benefits. In response, although conceding that his receipt of disability benefits was an impermissible modification of the Final Decree, Husband argued that there was a mathematical error in the Final Decree regarding the amount of Wife's share of his monthly retirement pay. Specifically, Husband argued that Wife's share of his monthly retirement pay should have been $377.16, and not $443.72, because only the benefits that accrued during the parties' seventeen year marriage were classified as marital property.[3] On February 19, 2004, after conducting a hearing, the trial court corrected the mathematical error in the Final Decree pursuant to Rule 60.01 of the Tennessee Rules of Civil Procedure,[4] ordered Husband to pay arrearages based on the corrected calculation, and denied the petition for contempt.[5]

On March 19, 2004, Wife filed a motion to amend and to make additional findings of fact. In support of her motion, Wife argued that she was entitled to "40% of [Husband's] retired pay, and that percentage should be taken and computed upon each year's pay, for a soldier of [Husband's] rank with 20 years of service." Further, Wife attached several exhibits demonstrating the amount of arrearages Husband owed according to her calculations, along with several military pay tables showing the basic pay someone with Husband's rank would receive if they retired during that given year. On March 15, 2011, after protracted litigation, the trial court entered an order adopting the Wife's proposed findings and calculations in full, ordered the parties to calculate the amount of arrearages

---

[2](...continued)
*Id.* at 120 n.4 (internal citations omitted).

[3]The $377.16 amount is 17/20, or eighty-five percent (85%), of $443.72.

[4]Rule 60.01 of the Tennessee Rules of Civil Procedure provides in part:

> Clerical mistakes in judgments, orders or other parts of the record, and errors therein arising from oversight or omissions, may be corrected by the court at any time on its own initiative or on motion of any party and after such notice, if any, as the court orders.

We note that while Husband states in his brief that the trial court made the correction pursuant to Rule 60.02, our review of the record reveals otherwise. The trial court merely stated that it was making the correction pursuant to Rule 60. Although the trial court did not specifically cite to Rule 60.01, it is apparent from the transcript of the hearing that the trial court relied upon Rule 60.01 to correct the mathematical error in the Final Decree.

[5]Judge James E. Walton entered the Final Decree in 1987. However, a different judge, Judge John H. Gasaway, III, interpreted the Final Decree at issue on appeal.

owed according to Wife's methodology, and ordered Husband to pay all amounts owed within a reasonable time. Husband timely filed a notice of appeal to this Court.

### *Discussion*

The sole issue for our review, as restated, is whether the trial court erred in interpreting the Final Decree to require that Wife's share of Husband's military retirement pay be calculated each year based upon the amount Husband would receive if he retired during that year with twenty years of military service. Thus, our duty on appeal is limited to construing the Final Decree. "The interpretation of a judgment is a question of law." *Pruitt v. Pruitt*, 293 S.W.3d 537, 544 (Tenn. Ct. App. 2008) (citation omitted). Courts construe judgments like any other written instrument. *Blue Cross-Blue Shield of Tennessee v. Eddins*, 516 S.W.2d 76, 78 (Tenn. 1974) (citation omitted). The determinative factor is the intent of the rendering court as discerned from all parts of the judgment. *Id.* Furthermore, a judgment should be construed so as to give "force and effect to every word of it, if possible, and make its several parts consistent, effective and reasonable." *Id.*

On appeal, Husband argues that the Final Decree clearly provides that Wife's share of his military retirement pay is limited to the benefits that accrued during the parties' seventeen year marriage, and should be calculated as if he retired on October 1, 1987. On the other hand, Wife argues that her share of Husband's military retirement pay under the Final Decree is calculated each year based upon the amount Husband would receive if he retired during that year having served twenty years in the military.

We begin by noting that the Final Decree provides that "Wife is entitled to forty percent (40%) of the Husband's military retirement benefits, which benefits shall be computed as of October 1, 1987." The trial court, however, adopted Wife's position that her share of Husband's military retirement pay was to be calculated each year based upon the amount Husband would receive if he retired during that year after serving twenty years in the military. After reviewing the plain language of the Final Decree, we cannot agree with the trial court's construction requiring a yearly determination of the amount of Wife's share. The Final Decree clearly states that Husband's retirement pay "shall be computed as of October 1, 1987," resulting in liquidated net amount of $1,109.30 per month, from which Wife receives her monthly share. Therefore, the trial court erred in interpreting the Final Decree to award Wife a perpetually increasing share of Husband's military retirement pay.[6]

Moreover, the trial court construed the Final Decree to allow Wife to benefit from

---

[6]The only increase Wife is entitled to under the Final Decree is forty percent (40%) of any cost of living adjustment to Husband's retirement pay.

twenty years of Husband's service in the military. As mentioned above, the parties were married for approximately seventeen years. The reason the Final Decree calculates retirement pay based on twenty years of service is due to the fact that, at the time of the divorce, Husband had yet to complete the requisite twenty years of service in order for his pension to vest. During the marriage, however, Husband only accrued seventeen years worth of his military retirement benefits. It is well settled that only military retirement benefits that accrued during the marriage are considered marital property. Tenn. Code Ann. § 36–4–121(b)(1)(A) ("during the course of the marriage up to the date of the final divorce hearing"); Tenn. Code Ann. § 36–4–121(b)(1)(B) ("accrued during the period of the marriage"); *Snodgrass v. Snodgrass*, 295 S.W.3d 240, 247-49 (Tenn. 2009); *Cohen v. Cohen*, 937 S.W.2d 823, 830 (Tenn. 1996); *Kendrick v. Kendrick*, 902 S.W.2d 918, 926 (Tenn. Ct. App. 1994) ("[O]nly pension rights accruing during the marriage will be considered marital property."). Thus, only seventeen out of the twenty years, or eighty-five percent (85%), of Husband's retirement pay was marital property. Wife's forty percent (40%) share was intended to come out of this 85% marital property portion of Husband's retirement pay. Accordingly, the trial court erred in interpreting Wife's share to include military retirement benefits that did not accrue during the parties' marriage.

### *Conclusion*

For the foregoing reasons, we reverse and remand this matter to the trial court to calculate all amounts owed, including those for cost of living adjustments, consistent with this Opinion. Husband shall be credited with such amounts he has paid thus far. Costs of this appeal are taxed to the Appellee, Bonnie Jean White Cain, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE