Linda Kay Keys TOWNER,
Plaintiff/Appellee,

v.

John Anthony TOWNER,
Defendant/Appellant.

Supreme Court of Tennessee,
at Nashville.

July 6, 1993.

Rodger N. Bowman, Clarksville, for plaintiff-appellee.

William L. Aldred, Jr., Clarksville, for defendant-appellant.

## OPINION

REID, Chief Justice.

This case presents for review the modification by the trial court of its decree granting a divorce and approving a property settlement agreement entered into by the parties, which modification, after further revision by the Court of Appeals, was affirmed. This Court concludes that the original decree of the trial court was not subject to modification.

The parties divorced after 16 years of marriage, during which time they accumulated certain real and personal property. The appellant, Mr. Towner, was a career soldier in the United States Army. At the time of the divorce in 1989, he had approximately 16 years of military service and was eligible to retire on May 22, 1993, with a pension of $807.75 per month. The parties had no children.

The original decree affirmatively found that the Property Dissolution Agreement "makes adequate and sufficient provisions ... for the equitable settlement of any property rights between the parties." The agreement was incorporated into the judg-

ment of the court granting the wife a divorce. The agreement recites that its purpose is for "the complete settlement of [the parties'] property rights, support, maintenance of husband and wife, and other rights and obligations growing out of their marital relationship." The agreement provides for the division of personal property, real property and debts. A mutual release provision of the agreement provides that each party "waives, relinquishes, and quitclaims any and all rights, title, interest and control" in and to all property of the other party including pension plans. The "alimony" section of the agreement provides:

> The husband shall pay to the wife, beginning August 1, 1989, as spousal support, and shall continue paying to the wife in the event there is a divorce, $387.30 per month. The spousal support/alimony is specifically in consideration of the wife waiving any right to the husband's military retirement and therefore shall continue for the lifetime of the husband.

Upon Mrs. Towner's remarriage less than a year after the divorce, Mr. Towner discontinued the monthly payments of $387.30; whereupon, Mrs. Towner filed a motion for contempt. Mr. Towner responded with a motion that his obligation to make the monthly payments be terminated, pursuant to T.C.A. § 36–5–101(a)(3) (Supp. 1992), which provides:

> In all cases where a person is receiving alimony in futuro and the alimony recipient lives with a third person, a rebuttable presumption is thereby raised that:
>
> (A) The third person is contributing to the support of the alimony recipient and the alimony recipient therefore does not need the amount of support previously awarded, and the court therefore should suspend all or part of the alimony obligation of the former spouse; or
>
> (B) The third person is receiving support from the alimony recipient and the alimony recipient therefore does not need the amount of alimony previously awarded and the court therefore should suspend all or part of the alimony obligation of the former spouse.

However, the trial court, rather than basing relief on the above statute, held that the provision that Mr. Towner pay Mrs. Towner $387.30 per month until his death, in consideration of her waiver of any claim against his lifetime military pension, was "unconscionable," and reduced the monthly payments to $234.24 per month effective as of the date of the original judgment.

Mr. Towner appealed, asserting that the payments constituted alimony *in futuro* and that the trial court erred in reducing the monthly payment rather than terminating all payments pursuant to T.C.A. § 36–5–101(a)(3).

Relying upon *Isbell v. Isbell,* 816 S.W.2d 735 (Tenn.1991), the Court of Appeals found that the obligation could not be characterized as alimony *in solido* because "the lifetime of the husband did not define an ascertainable total amount to be paid." And, relying upon *Jones v. Jones,* 784 S.W.2d 349 (Tenn.App.1989), and *Noble v. Stubblefield,* 755 S.W.2d 454 (Tenn.App. 1988), the court found the trial court "was without authority to modify its former decree as to the property division, including the award of the entire retirement to the husband." However, even though the Court of Appeals found the monthly payment obligation was "inseparable" from the waiver of retirement benefits, that court, "considering all factors" found the trial court had "reached a just and equitable modification" of the previous judgment and affirmed the action of the trial court reducing the monthly payments, except that it made the revision effective as of the date of the wife's motion for contempt rather than the date of the original decree. The Court of Appeals' opinion does not indicate the specific statutory authority on which its decision was based.

■ The first issue to be resolved is whether the monthly payment provision of the original decree is subject to modification. The legal principle applicable to this issue was stated in *Penland v. Penland,* 521 S.W.2d 222 (Tenn.1975). In that case, the husband and wife had entered into an agreement whereby the husband assumed liability for the future educational expenses

of the parties' children beyond high school, and the agreement had been made a part of the court's judgment. The court stated:

> The authority of the courts to order child support and, if necessary, to enforce same by the process of contempt, is statutory, and generally exists only during minority. When the husband and wife contract with respect to the legal duty of child support, upon approval of that contract, the agreement of the parties becomes merged into the decree and loses its contractual nature.
>
> However, ... it is clear that the reason for stripping the agreement of the parties of its contractual nature is the continuing statutory power of the Court to modify its terms when changed circumstances justify. It follows, and we so hold, that only that portion of a property settlement agreement between husband and wife dealing with the legal duty of child support, or alimony over which the court has continuing statutory power to modify, loses its contractual nature when merged into a decree for divorce.

*Id.* at 224 (citations omitted).

Based on *Penland,* the determinative issue in this case is whether the provision in the agreement for the making of monthly payments retained its contractual nature because it constitutes the division of marital property, or lost its contractual nature because it constitutes alimony *in futuro* which the court has the continuing statutory power to modify upon a showing of changed circumstances. That question can be resolved only by an examination of the language of the provision and the circumstances under which the agreement was executed and made a part of the court's judgment.

The parties, so far as the record shows, entered into the agreement freely, knowingly, in good faith and without duress, for the purpose stated in the agreement, the settlement of all rights and obligations incident to their marital relationship. The record does not show explicitly that those rights and obligations to be settled included spousal support. The record does not show whether the wife sued for support; but,

there was no adjudication that the wife was entitled to support. The decree recites only that the "Marital Dissolution Agreement makes adequate and sufficient provisions ... for the equitable settlement of any property rights between the parties" and finds that the agreement is "sufficient and equitable." However, the monthly payments to be made to the wife are characterized as being "spousal support/alimony ... specifically in consideration of the wife waiving any right to the husband's military retirement."

■ If the payments were not an integral part of the agreement with regard to the disposition of Mr. Towner's military retirement benefits, the provision would approximate the language of T.C.A. § 36–5–101(d) (Supp.1992), "payment of support and maintenance on a long-term basis," and the issue would be whether the obligation constitutes alimony *in futuro* or *in solido.* The Court held in *Isbell v. Isbell,* that "[t]he mere fact that the lump sum amount is payable in installments is neither conclusive nor determinative regarding its status as *in solido* or *in futuro.*" 816 S.W.2d at 738 (citations omitted). By the same reasonings, the mere fact that the duration of the specified monthly payments is determined by *Mr. Towner's life* does not necessarily mean that the provision is subject to modification. The statute, as construed by the Court in *Isbell,* permits awards that are not subject to modification based on the need for certainty and finality. Susceptibility to modification is not totally dependent upon the duration of payments. Consideration of all relevant factors, including those set out in T.C.A. § 36–5–101(d), may require or justify definite periodic payments on a long-term basis not subject to modification. Where periodic payments are made from or charged against marital assets, the distinction between a division of marital property and an order of support out of a spouse's property may become less than clear. However, for the reason set forth below, the Court is not required in this case to decide that issue or whether the provision of T.C.A. § 36–5–101(d) stating "except as otherwise provided in subdivision (a)(3)," relates to an "order for payment of

support and maintenance on a long-term basis" as well as an "order for payment of support and maintenance ... until the death or remarriage of the recipient."

The agreement in this case, considered in light of all the circumstances, is essentially a property settlement agreement, rather than an order of support. Mr. Towner's pension was accumulated during the marriage and is, therefore, marital property. The definition of marital property subject to division between the parties contemplates property rights to be distributed in the form of periodic payments. T.C.A. § 36–4–121(b)(1)(B) (1991) provides:

"Marital property" includes income from, and any increase in value during the marriage, of property determined to be separate property in accordance with subdivision (b)(2) if each party substantially contributed to its preservation and appreciation and the value of vested pension, retirement or other fringe benefit rights accrued during the period of the marriage.

The payments to Mrs. Towner are in effect a distribution to her of a portion of the military retirement benefits.

The Court of Appeals considered retirement benefits as marital property in the division of marital assets in *Batson v. Batson,* 769 S.W.2d 849, 856 (Tenn.App.1988), wherein that court stated, "the portion of a spouse's pension or other retirement benefit attributable to creditable service prior to the marriage is separate property;" whereas, "the increase in value of a spouse's pension during the marriage" is marital property. *See also Thompson v. Thompson,* 797 S.W.2d 599, 604 (Tenn.App.1990) (The court included spouse's pensions in the marital estate).

The Court of Appeals also has held that other forms of future and periodic benefits are marital property. In *Jones v. Jones,* the Court of Appeals held that an unappealed award of life insurance to the wife as a division of marital property was not subject to modification. 784 S.W.2d at 351. In *Noble v. Stubblefield,* the divorce decree included a property settlement agreement which required the husband to create a

trust that would pay to the wife a fixed amount each month during her lifetime. 755 S.W.2d at 45. On appeal, the Court of Appeals held: "Whether the trust fund was intended as alimony in solido, or a consideration for a property settlement or both, or otherwise, it was and is not subject to revision by a divorce court for change of circumstances." In *Phillips v. Webster,* 611 S.W.2d 591 (Tenn.App.1980), the Court of Appeals held that a divorce decree under which the husband was to pay a total of $100,000 over a period of ten years "was an equitable division of the property," and that "it cannot be found that the periodic payments were simply to afford the wife the necessities of life." The court found the decree was not subject to modification.

Many jurisdictions have recognized that not only vested, but also unvested retirement benefits are subject to division by a divorce court. *See e.g., In Re Marriage of Brown,* 15 Cal.3d 838, 544 P.2d 561, 126 Cal.Rptr. 633 (Cal.1976); *Winer v. Winer,* 241 N.J.Super. 510, 575 A.2d 518 (N.J.Super.Ct.1990); *DeLoach v. DeLoach,* 590 So.2d 956, 960 (Fla.Dist.Ct.App.1991); *In Re Marriage of Imhoff,* 461 N.W.2d 343, 344 (Iowa App.1990); *Broadhead v. Broadhead,* 737 P.2d 731, 737 (Wyo.1987). Those jurisdictions holding that unvested pensions are not divisible marital property base their result on the speculative nature of the interest. *See e.g., Miller v. Miller,* 269 N.W.2d 264 (Mich.App.1978), *limited, Boyd v. Boyd,* 116 Mich.App. 774, 323 N.W.2d 553, 556 (Mich.App.1982). The trend, however, in both community property and common law jurisdictions, is to accept unvested pensions or retirement benefits as marital property. *Laing v. Laing,* 741 P.2d 649 (Alaska 1987); 3 Family Law and Practice § 37.11 (A. Rutkin ed. 1993).

Mr. Towner does not contend that the military pension, though not vested at the time of the divorce, is not marital property. He merely seeks to characterize the periodic payments to Mrs. Towner as alimony *in futuro,* subject to modification.

The trial court implicitly found that the Property Dissolution Agreement awarding Mrs. Towner periodic payments,

retained its contractual nature. The reduced amount ordered by the trial judge and affirmed by the Court of Appeals is only a recalculation of Mrs. Towner's interest in the marital property, using the present value as of the date of the divorce, rather than the full value, of 37½ percent of the expected monthly retirement payment. The chancellor found the agreement which was a part of the court's decree to be "unconscionable". For a court to find a provision in its own decree to be unconscionable is something of an anomaly. Under contract law, however, such a finding is an adequate basis upon which to set aside an agreement between the parties. *See* 17A Am.Jur.2d *Contracts* § 295 (1991). But, a finding that the order was "unconscionable" was not necessary if the provision is only an order of support subject to modification upon a change of circumstances. In any event, there is nothing in the record to support a finding that the agreement was unconscionable.

The conclusion is that the payments constitute an integral part of an agreement for the division of marital property, which is not subject to modification by the court.

The judgment of the Court of Appeals is reversed, the judgment of the trial court modifying the original decree of divorce is reversed, and the original judgment of the trial court is affirmed.

The costs are taxed against the defendant-appellant.

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.