IN THE COURT OF APPEALS

AT KNOXVILLE

**FILED**

October 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

|                              |   |                         |
|------------------------------|---|-------------------------|
| SALLY SUTTON BRITT,          | ) | WASHINGTON COUNTY       |
|                              | ) | 03A01-9812-CH-00416     |
|     Plaintiff-Appellant, | ) |                         |
|                              | ) |                         |
|     v.   | ) |                         |
|                              | ) | HON. G. RICHARD JOHNSON |
| BOBBY GLENN BRITT,           | ) | JUDGE                   |
|                              | ) |                         |
|     Defendant-Appellee. | ) |                         |
|                              | ) |                         |
|                              | ) |                         |
|                              | ) | REVERSED AND REMANDED   |
|                              | ) |                         |

ROBERT D. ARNOLD of ARNOLD, HAYNES & SANDERS, Johnson City, for Appellant

JUDITH FAIN, Johnson City, for Appellee

O P I N I O N

Goddard, P.J.

This appeal involves an action to determine whether the Trial Court erred in its division of the marital estate. Sally Sutton Britt, the Plaintiff/Appellant, presents as her sole issue, which we restate, whether the Trial Court erred in its valuation of her Civil Service Retirement Account in its division of the marital estate in her divorce from Bobby Glenn Britt, the Defendant/Appellee.

The parties were married for thirty-seven years and at the time of their divorce, their marital estate was valued at over $1 million.

Mrs. Britt, who is now retired, was employed for thirty-one years as a registered nurse at the Veterans Administration Hospital in Johnson City. She receives $1,709 per month gross from the federal government in a civil service retirement pension.

In its division of the marital estate, the Trial Court awarded Mrs. Britt the entire estimated value of her Civil Service Retirement Account, $270,000. Each party received approximately $649,499 from the division of the marital estate.

Mrs. Britt argues that the value of her portion of the marital estate is less than that received by Mr. Britt. James Fraser, an investment broker with J. C. Bradford who is experienced in evaluating retirement accounts, stated that Mrs. Britt had no access to any lump sum amount from her Civil Service Retirement Account, unlike an IRA or a 401(k) account. Therefore, Mrs. Britt contends that the value of her portion of the marital estate is less than that received by Mr. Britt.

2

Mr. Britt argues that the Trial Court did not err in the division of the marital estate. He contends that Mrs. Britt argued at trial that her Civil Service retirement benefits were not a marital asset, so she should not be allowed to argue on appeal that her retirement is a marital asset and should be divided. However, Mrs. Britt maintains that she did not assert at trial that her Civil Service retirement benefits were not marital property, but did assert that these benefits "should be considered the same way that Social Security is considered." Mrs. Britt does not contest the Trial Court's finding that her Civil Service retirement is marital property, but she does contest the Trial Court's division of the marital estate.

It is well established that division of a marital estate need not be equal to be equitable. Wade v. Wade, 897 S.W.2d 702, 713 (Tenn. Ct. App. 1994). Courts often divide marital property retirement benefits by awarding a spouse periodic payments directly from the pension fund. Towner v. Towner, 858 S.W.2d 888, 891 (Tenn. 1993).

"One advantage to the deferred distribution method is that it allows an equitable division without requiring present payment for a benefit not yet realized and potentially never obtained." Cohen v. Cohen, 937 S.W.2d 823, 831 (Tenn. 1996).

Furthermore, such an approach "equally apportions any risk of forfeiture." <u>Cohen</u>, 937 S.W.2d at 831.

The Trial Court awarded the value of Mrs. Britt's Civil Service retirement pension, which it determined to be $270,000, to her in a lump sum, despite the fact that she cannot receive her retirement in a lump sum amount like other retirement accounts such as an IRA or a 401(k) plan. She can receive only a fixed amount, $1,709, per month. Furthermore, Mrs. Britt's Civil Service Retirement Account constitutes the largest asset in her portion of the marital estate. Therefore, in light of the value of the marital estate at over $1 million, we find that Mrs. Britt's portion of the marital estate in liquid assets is not equitable when compared with the value of Mr. Britt's portion of the marital estate.

For the foregoing reasons, we reverse the judgment of the Trial Court with respect to the division of the marital estate and remand to the Trial Court for a division of the marital estate that provides for an equitable monthly payment to Mr. Britt from Mrs. Britt's Civil Service retirement pension and that provides for Mrs. Britt's receipt of an equitable amount from the couple's liquid assets such as various retirement accounts. Costs are adjudged against Mr. Britt.

                                                _____

                                                Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
D. Michael Swiney, J.