IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 14, 2002 Session

## JAN W. GAMBLE v. ALEX GRADY GAMBLE, III

**Appeal from the Circuit Court for Hamilton County**
**No. 93DR0166     L. Marie Williams, Judge**

**FILED JUNE 28, 2002**

**No. E-2001-01392-COA-R3-CV**

This appeal involves the second attempt of Alex Grady Gamble, III ("Husband") to modify his alimony obligations to Jan W. Gamble ("Wife"). In the initial divorce proceeding, the parties agreed to, and the Trial Court approved, the payment of "periodic" alimony to Wife which would vary depending on Wife's income, if any. The first time Husband sought modification of his alimony obligation, the parties agreed to fix the alimony payment at $700 per month. An agreed order was entered by the Trial Court reflecting this change. Over four years later, Husband filed a second petition to modify his alimony payment, essentially claiming Wife no longer was entitled to receive rehabilitative alimony. Wife filed a counter-petition seeking an increase in alimony. Wife also denied she was receiving rehabilitative alimony, claiming she was receiving alimony *in futuro*. The Trial Court agreed with Wife that the alimony payment was properly classified as alimony *in futuro*. The Trial Court also held Wife was entitled to an increase in alimony from $700 to $750 per month. Husband appeals both of these determinations. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of**
**the Circuit Affirmed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Jes Beard, Chattanooga, Tennessee, for the Appellant Alex Grady Gamble, III.

Sandra J. Bott, Chattanooga, Tennessee, for the Appellee Jan W. Gamble.

# OPINION

## Background

Wife filed a complaint for divorce in 1993. In August of 1993, the Trial Court entered a Final Decree of Divorce and incorporated the terms of a Martial Dissolution Agreement ("MDA") agreed to by the parties. The MDA disposed of the parties' personal property and the marital residence, and that disposition is not at issue in this appeal. As to alimony, the MDA provides as follows:

> 7.      ALIMONY: The Husband agrees to pay unto the Wife for her support, maintenance, and welfare, periodic alimony payable (sic) shall be determined as follows:
>
> (i) Commencing on the 1st day of September, 1993 and continuing until automatically modified as herein provided, the amount of $1,000.00 per month.
>
> (ii) Periodic alimony shall be automatically modified from time to time as follows:
>
> (a)  If Wife is unemployed or is employed earning gross income of not more than $400.00 per month, the sum of $1,000.00;
>
> (b) If Wife is employed earning gross income of more than $400.00 per month but less than $600.00 per month, the sum of $800.00;
>
> (c) If Wife is employed earning gross income of more than $600.00 per month but less than $700.00 per month, the sum of $700.00;
>
> (d) If Wife is employed earning gross income of more than $700.00 per month but less than $1,500.00 per month, the sum of $625.00 per month;
>
> (e)  If Wife is employed earning gross income in excess of $1,500.00 per month, either party may seek a modification.
>
> Wife shall provide to Husband within seven (7) days of any change in her employment or pay status evidence of her gross income. The automatic modification referred to above shall take effect on the first

day of the second month next succeeding the month in which the applicable gross income level is earned. Said monthly obligation shall continue each and every month until (i) the death of Husband or Wife, (ii) the remarriage of Wife, whichever event occurs first. The parties stipulate and agree that such alimony shall be deductible by Husband as alimony and taxable to Wife as income under Section 71 of the Internal Revenue Code.

Approximately eight months later, in April of 1994, Husband filed a petition seeking to modify his alimony obligation. Husband claimed the business he had been operating suffered a "severe" reversal and went out of business. He also claimed to have incurred significant debt during that time. Husband admitted he was gainfully employed when the petition to modify was filed, but argued he had reduced income and reduced potential for future income. Husband also claimed Wife's mental condition had improved and she had moved into her parents' home thereby reducing her expenses.

Wife answered the petition and filed a counter-petition for contempt, denying the move into her parents' home reduced her expenses in any significant manner. Wife also claimed Husband was getting remarried and had bought his fiancee "an enormous symbol of that relationship", that Husband continued to take nice vacations, and had not altered his standard of living "in any form." Wife asserted Husband refused to pay alimony as previously ordered.

An Agreed Order was entered by the Trial Court resolving the issues raised in the petitions. In this Order, the Trial Court reduced Husband's alimony payment to $700.00 per month. The alimony payments still would terminate upon Wife's remarriage, or the death of either Husband or Wife. The Order also provided the alimony payments could not be modified by either party for a period of four years following the effective date of the Order.

Approximately four years and one month later, Husband filed another petition to modify. Husband claimed the Agreed Order resolving the first petition to modify did not alter the procedure written into the MDA to automatically reduce alimony payments, "though it did implicitly limit such reduction to $625." Husband claimed Wife was earning at least $700 per month, but had never provided him with information to verify her income. Husband further claimed Wife was living with other adults and pursuant to Tenn. Code Ann. § 36-5-101(a)(3), he was entitled to the presumption that such persons were contributing to Wife's support. Husband asked the Trial Court to reduce or eliminate his alimony obligations.

Wife responded to the petition, generally denying the pertinent allegations contained therein. Wife also filed a counter-petition seeking to increase the alimony award. Wife claimed a substantial and material change in her circumstances, and further alleged Husband's income had significantly increased.

After a hearing on the second petition to modify, the Trial Court rejected Husband's contention the Agreed Order modifying the MDA did not change Wife's obligation to report a change in her income. The Trial Court interpreted the Agreed Order as requiring a fixed payment of $700.00 per month with neither party having the right to request a modification for four years and Wife, therefore, had no obligation to inform Husband of any change in her income.[1] After four years, a petition to modify could be filed. The Trial Court further held there was no finding in the original decree that Wife could be rehabilitated and Wife was awarded alimony *in futuro* in the previous orders. Thus, according to the Trial Court, the "cross-petitions in this case involve modification of alimony that clearly is *in futuro*." The Trial Court then made the following determination:

> At the time of the 1994 order, the parties agreed petitioner/counter-respondent Alex Grady Gamble would pay to respondent/counter-petitioner Jan W. Gamble the amount of $700.00 per month. Mr. Gamble's earnings have increased to approximately $85,000 or $86,000 per year. In 1999, he earned $67,249.00 and in 1998, $69,941.00. Mrs. Gamble's income has gone from slightly in excess of $6,000.00 per year to somewhat in excess of $21,000.00 per year. In the interim years, her earnings did exceed $26,000.00 or $27,000.00 per year. The income and expense statement filed by Mr. Gamble on December 5, 1994, reflects he was earning $38,970.00 per year at the time of the modification. If the incomes of Mr. Gamble for 1996 through 2000 are averaged, his income has increased to $72,297.00 per year. In comparing the incomes of the parties, one notes that Ms. Gamble's income was approximately 16% of Mr. Gamble's in 1994 and 1995 and is 24% of his income for the year 2000. Clearly, she remains economically disadvantaged and has need of support. Mr. Gamble's income and expense statements throughout the years have continued to show deficits. The Court has before it three income and expense statements, Exhibit 1, Exhibit 5, and Exhibit 13, all filed by Alex Grady Gamble. In each one, he shows a deficit. However, while running a deficit for all these years, he has managed to own a house in Florida as well as have a lease with an option to purchase on a house in Georgia. He continues to donate significantly to other persons and entities and to travel.

> The Court finds it appropriate to increase the alimony to $750.00 per month and ORDERS Mr. Gamble shall pay to Ms.

---

[1]The Final Decree and the Agreed Order modifying the Final Decree were entered by Judge William Barker. Husband's second petition to modify was ruled upon by Judge Marie Williams.

Gamble $750.00 per month beginning May 1, retroactive to the date
of the filing of the petition to modify by Ms. Gamble.…

Husband appeals the Trial Court's conclusion that the previous orders awarded Wife alimony *in futuro* rather than rehabilitative alimony. Husband also appeals the increase in alimony to Wife.

## Discussion

A review of findings of fact by a trial court is *de novo* upon the record of the trial court, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. Rule App. P. 13(d); *Brooks v. Brooks,* 992 S.W.2d 403, 404 (Tenn. 1999). Review of questions of law is *de novo,* without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.,* 8 S.W.3d 625, 628 (Tenn. 1999).

At the outset, we note Husband did not file a transcript of the proceeding or a certified statement of the evidence in accordance with Tenn. R. App. P. 24 (b) or (c). Husband relies solely on the pleadings and the few facts set forth by the Trial Court in its opinion. Husband had the duty "to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal." *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997). In the absence of an adequate record on appeal, this Court will presume the Trial Court's rulings were supported by sufficient evidence. *See, e.g., State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). "This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

First, we address Husband's argument that the Trial Court erred when it concluded Wife had been receiving alimony *in futuro* as opposed to rehabilitative alimony. Husband is correct in his assertion that there is a preference under the law for rehabilitative alimony over other forms of alimony. *See* Tenn. Code Ann. § 36-5-101(d)(1). Nevertheless, the Trial Court was not making an *initial* award of alimony, but rather was called upon to decide what form of alimony had been agreed to and awarded in the previous orders. The purpose of the award rather than its contingencies or method of payment is determinative. *See, e.g., Towner v. Towner*, 858 S.W.2d 888 (Tenn. 1993). Husband claims the purpose of the previous orders reflect an award of rehabilitative alimony. In the initial order, Wife was awarded "periodic" alimony pursuant to the several contingencies set forth in that order. The subsequent order removed some of the contingencies and set a specific monthly amount of alimony to be paid, although in both orders it was agreed the alimony obligations would terminate upon the death of Husband or the remarriage of Wife. Pursuant to Tenn. Code Ann. § 36-5-101(d)(1), "[r]ehabilitative support and maintenance is a separate class of spousal support as distinguished from alimony in solido and periodic alimony." Although not necessarily conclusive, the fact Husband and Wife agreed to "periodic" alimony in the initial order is certainly indicative of their intent that the alimony was not considered rehabilitative alimony, which is statutorily

-6-

"separate" from periodic alimony. Given the state of the record on appeal, we cannot conclude the Trial Court committed reversible error when it determined Wife had been awarded alimony *in futuro* in its previous orders.

Husband's second issue on appeal is his claim the Trial Court erred when it increased the alimony payments from $700.00 to $750.00 per month. Alimony *in futuro* can be modified upon a showing of a substantial and material change in circumstances justifying a change in the payment. *See* Tenn. Code Ann. § 36-5-101(a)(1); *Givler v. Givler*, 964 S.W.2d 902, 907 (Tenn. Ct. App. 1997)(concluding there was "no showing of a change of circumstances justifying a change" in the alimony *in futuro* payment). In determining whether there has been a substantial and material change in circumstances, the factors set forth in Tenn. Code Ann. § 36-5-101(d)(1)(A) - (L) "applicable to the initial award of alimony, where relevant, must be taken into consideration when determining whether there has been a change in circumstances warranting a modification of the award." *Brewer v. Brewer*, 869 S.W.2d 928, 936 (Tenn. Ct. App. 1993). Since no transcript or statement of the evidence was filed, we are unable to discern which of the several elements set forth in Tenn. Code Ann. § 36-5-101(d)(1) were relied upon by the Trial Court when it concluded the alimony award should be modified. While the Trial Court does discuss the earnings of both Husband and Wife, we have not been provided with any proof setting forth their respective liabilities, monthly expenses, etc. For example, it is clear that both Husband's and Wife's earning potential has increased, but unless we know what their monthly expenses are, we cannot effectively address Wife's need. This same holds true for any of the other factors which may have had a bearing on the Trial Court's conclusion. We simply cannot ascertain whether the Trial Court reached the proper conclusion if we are not provided a sufficient record upon which to make this determination. We must, therefore, assume there were sufficient facts presented to the Trial Court to justify its judgment. Accordingly, we affirm the judgement of the Trial Court increasing the amount of alimony *in futuro* to be received by Wife.

Wife claims Husband's appeal is frivolous and requests attorney's fees incurred on appeal. We do not believe the appeal is frivolous and decline to award any attorney fees.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the Appellant, Alex Grady Gamble, and his surety.

_____

D. MICHAEL SWINEY, JUDGE