IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Brief May 16, 2006

JERRY JOYNER v. PERSONAL FINANCE CORPORATION

A Direct Appeal from the Chancery Court for Henry County
No. 19911     The Honorable Ron E. Harmon, Chancellor

No. W2005-02202-COA-R3-CV - Filed June 5, 2006

This is a summary judgment case. Appellant/Husband and his ex-wife entered into a marital dissolution agreement wherein the ex-wife was awarded the marital residence subject to the condition that should she choose to sell the property Appellant was then entitled to $20,000.00 from the net proceeds of the sale. The ex-wife refinanced the property and executed a Deed of Trust in favor of the Appellee. When ex-wife defaulted on her payments, Appellee foreclosed on the property. Appellant/Husband filed suit against the Appellee seeking enforcement of an equitable lien against the property. The trial court granted summary judgment in favor of the Appellee. We affirm.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Richard L. Dunlap, III, of Paris, Tennessee for Appellant, Jerry Joyner

Emily B. Bjorkman and Robin H. Rasmussen of Memphis, Tennessee for Appellee, Personal Finance Corporation

MEMORANDUM OPINION[1]

The material facts are undisputed. During their marriage, Jerry Joyner ( "Appellant") and Donna Joyner purchased real property known as 548 E. Washington Street, Paris, Tennessee (the

---

[1] Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

"Property"). By Judgment of the Chancery Court of Henry County, Jerry Joyner and Donna Joyner were divorced on August 23, 1995. The divorce judgment incorporates by reference a Marital Dissolution Agreement ("MDA") entered by and between the Joyners. Concerning the Property, the MDA reads, in pertinent part, as follows:

> 6. [Donna Joyner] shall retain as her sole and absolute property the matrimonial residence located at 548 E. Washington Street, Paris, Tennessee...
>
> This agreement shall constitute [Donna Joyner's] muniment of titled thereto, and, in addition, [Jerry Joyner] will execute such deed, title or other document as may be necessary to create sole ownership of the aforementioned in [Donna Joyner]
>
> 7. Should [Donna Joyner] choose in the future to sell the matrimonial residence, then in that event, she is to do so in a commercia[l]ly reasonable manner, and she is to pay [Jerry Joyner] from the net sale proceeds the sum of $20,000.00.

Pursuant to the MDA, Jerry Joyner conveyed his interest in the Property to Donna Joyner by Quitclaim Deed dated August 25, 1995 and recorded in Deed Book 244, at Page 708 in the Register's Office of Henry County.

On January 4, 2000, Donna Joyner refinanced the Property by executing a Deed of Trust on the Property to secure Personal Finance Corporation ("Personal Finance," or "Appellee") in the payment of certain indebtedness in the amount of $30,219.90. This Deed of Trust was recorded in Record Book 12, at Page 707 in the Register's Office of Henry County. Donna Joyner ultimately defaulted in her payments to Personal Finance. Consequently, Personal Finance instructed Stephen L. Hughes, Substitute Trustee, to foreclose on the Property. Stephen L. Hughes placed a Notice of Substitute Trustee's Sale of Real Estate in the local newspaper, stating the date, time and location of the sale of the Property. On November 26, 2003, at the Courthouse in Paris, Tennessee, Personal Finance purchased the Property for $7,500.00, which was the highest bid. A Substitute Trustee's Deed was filed in the Register's Office of Henry County in Book 129, Page 494 through 496. Personal Finance then sold the property for $17,500.00 to a third-party.

On February 8, 2005, Jerry Joyner filed a Complaint against Personal Finance, in which Mr. Joyner sought a declaratory judgment "[t]hat he be established to be the holder of the first and best lien against said property in the amount of $20,000.00, said lien having priority over any other liens." A Notice of Lien *Lis Pendens* was filed on February 9, 2005.

On March 8, 2005, Personal Finance filed its Answer denying that Mr. Joyner was entitled to any relief. On May 25, 2005, Personal Finance filed a "Motion to Pay Proceeds into Court". A

Consent Order to Pay Proceeds into Court was filed on June 6, 2005, same being in the amount of $20,000.00. On May 25, 2005, Personal Finance filed its "Motion for Summary Judgment," along with a Memorandum of law in support thereof. On July 13, 2005, Mr. Joyner filed his Motion for Summary Judgment. On the same day, Mr. Joyner also filed his Reply to Personal Finance's Motion for Summary Judgment. On July 27, 2005, Personal Finance filed its Reply to Mr. Joyner's Motion for Summary Judgment.

The motions for summary judgment were heard on August 1, 2005. On September 1, 2005, the trial court entered its "Order Granting Personal Finance Corporation's Motion for Summary Judgment." Mr. Joyner filed a timely Notice of Appeal and raises one issue for review as stated in his brief:

> Did the Chancellor err in granting the defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment?

We first note that summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn.R.Civ.P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. In the instant case, there is no dispute of material facts as to the issue presented for review. Because only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn.1997).

The gravamen of this issue is whether Mr. Joyner had a lien against the Property in the amount of $20,000.00. The answer to this question lies in an interpretation of the MDA. An MDA is essentially a contract between a husband and wife in contemplation of divorce proceedings. *Towner v. Towner*, 858 S.W.2d 888, 890 (Tenn.1993); *Gray v. Estate of Gray*, 993 S.W.2d 59, 63 (Tenn. Ct. App. 1998). Such a contract is enforceable. *Holt v. Holt*, 995 S.W.2d 68, 72 (Tenn.1999). "A property settlement agreement between a husband and wife is 'within the category of contracts and is to be looked upon and enforced as an agreement, and is to be construed as other contracts as respects its interpretation, its meaning and effect.'" *Bruce v. Bruce*, 801 S.W.2d 102, 105 (Tenn.Ct.App.1990) (quoting *Matthews v. Matthews*, 24 Tenn.App. 580, 593, 148 S.W.2d 3, 11-12 (1940)). The cardinal rule for interpretation of contracts is to ascertain the intention of the parties from the contract as a whole and to give effect to that intention consistent with legal principles. *Winfree v. Educators Credit Union*, 900 S.W.2d 285, 289 (Tenn. Ct. App.1995); *Rainey v. Stansell*, 836 S.W.2d 117, 118 (Tenn. Ct. App.1992). In construing contracts, the words expressing the parties'

-3-

intentions should be given their usual, natural, and ordinary meaning. ***Taylor v. White Stores, Inc***., 707 S.W.2d 514, 516 (Tenn. Ct. App.1985). In the absence of fraud or mistake, a contract must be interpreted and enforced as written, even though it contains terms which may seem harsh or unjust. ***Heyer-Jordan & Assoc. v. Jordan***, 801 S.W.2d 814, 821 (Tenn. Ct. App.1990). Furthermore, once a property settlement agreement is adopted by the court as part of the divorce decree, the settlement is not subject to modification. ***See Towner v. Towner,*** 858 S.W.2d 888, 893 (Tenn.1993). In the instant case, the relevant portions of the MDA are clear and unambiguous and state that "[s]hould [Donna Joyner] ***choose*** to ***sell*** the matrimonial residence..." then Mr. Joyner is entitled to $20,000.00 from the net proceeds of the sale. The MDA is, however, silent as to what would happen in the event of a death, a gift of the Property, a refinance, or a foreclosure. Likewise, there is no language in the MDA that precludes Ms. Joyner from encumbering or transferring the Property. On appeal, Mr. Joyner contends that the fact that Ms. Joyner executed a Deed of Trust in favor of Personal Finance constitutes a "sale" of the Property so as to give rise to his $20,000.00 lien. We disagree. The facts indicate that Ms. Joyner refinanced the Property and executed the Deed of Trust to secure her indebtedness to Personal Finance. Although Ms. Joyner's action did give Personal Finance the legal right to sell the Property should she default on the debt secured thereby, Ms. Joyner's execution of the Deed of Trust does not, under the circumstances of this case, constitute a legal sale of the Property on her part. Likewise, Personal Finance's foreclosure does not satisfy the requirements of the MDA that Ms. Joyner must ***choose to sell*** the Property in order for Mr. Joyner to be entitled to $20,000.00.

Moreover, it should be noted that Mr. Joyner executed a Quitclaim Deed in this case. Although not a part of the record on appeal, it is conceded by the parties that the Quitclaim Deed conveyed title to the Property to Ms. Joyner and that Mr. Joyner retained no interest in the Property. Consequently, Mr. Joyner's Quitclaim Deed worked to complete indicia of title in Donna Joyner, thus enabling her to convey good and proper title by the deed of trust to secure the indebtedness she acquired. If, in fact, an obligation arose by virtue of the terms of the MDA, the obligation for payment of the $20,000.00 would have been that of Ms. Joyner and not that of Personal Finance, who had good title by virtue of its deed of trust.

From the plain language of the MDA, and for the foregoing reasons, we conclude that Ms. Joyner never chose to sell the Property and that, consequently, the obligation to pay Mr. Joyner $20,000.00 never arose. Therefore, we affirm the Order of the trial court granting summary judgment in favor of Personal Finance. Costs of this appeal are assessed against the Appellant, Jerry Joyner, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.