IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 22, 2017 Session

**CHERYL S. MAHER v. JOSEPH A. WOODRUFF**

**Direct Appeal from the Circuit Court for Williamson County**
**No. I-98361     J. Russell Parkes, Judge, Sitting by Interchange**

---

**No. M2016-01468-COA-R3-CV**

---

This is a post-divorce case involving wife's claims against husband for a portion of his military retirement benefits and husband's claims against wife for retroactive child support. Wife initiated this action against husband claiming that, pursuant to the parties' marital dissolution agreement, she was entitled to a percentage of the retirement benefits that husband was receiving from the military, as well as a judgment for a portion of the benefits that had already been paid to husband. Husband then filed a counter-petition against wife requesting that the court enter a judgment against her for back child support. The trial court held that the parties' martial dissolution agreement did in fact entitle wife to a percentage of husband's military retirement benefits going forward but that she failed to present the proof required for an award of the benefits husband received prior to trial. The trial court further found that wife owed husband child support and calculated the amount of child support wife owed by using the Child Support Guidelines that were in effect at the time wife's child support obligation was incurred rather than those in effect at the time of trial. Wife appealed. We reverse the judgment of the trial court with respect to the calculation of wife's child support obligation and remand with instructions to re-calculate child support using the Child Support Guidelines in effect at the time of trial. We modify the order of the trial court to correct the percentage of the retirement benefits to which wife is entitled. The remainder of the judgment is affirmed. We decline husband's request for attorney's fees incurred on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part as Modified, Reversed in part, and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Jacob P. Mathis, Clarksville, Tennessee, for the appellant, Cheryl S. Maher.

Donald N. Capparella, Nashville, Tennessee, for the appellee, Jospeh A. Woodruff.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

The material facts in this case are largely undisputed. Appellant, Cheryl S. Maher ("Wife"), and Appellee, Joseph A. Woodruff ("Husband"), married on August 4, 1979. Two children were born of the marriage, a son in 1983 and a daughter in 1986. Husband was an attorney and an officer in the United States Army at the time of the parties' marriage, serving continuously on active duty until September 29, 1987. He then served in the U.S. Army Reserve from September 30, 1987 until April 28, 1995. On April 28, 1995, the Army issued an order transferring Husband to the "Retired Reserve." Wife was also an attorney, although she did not maintain consistent employment throughout the marriage.

On June 3, 1998, Husband filed a complaint for divorce. The parties were both represented by counsel and mediated an agreement on the terms of the divorce and custody of the children. On September 2, 1998, the trial court entered a final decree of divorce, which incorporated the parties' marital dissolution agreement by reference. Pursuant to this decree, the parties shared custody of the children, and Husband was required to pay Wife $1,500.00 per month in child support. The marital dissolution agreement further provided:

> Husband has retired from the United States Army Reserve, and he and Wife may be entitled to receive payments of pension benefits resulting therefrom. Husband agrees that in the event Wife is entitled to benefits therefrom, he will join in the execution of such documents as may be necessary to establish Wife's interest therein as permitted by regulations governing same. Wife shall be entitled to receive the maximum allowable pension benefit available to her through the United States Army Reserve, but in no event more than fifty percent (50%) of same.

On July 15, 1999, Husband filed a complaint to modify custody and child support. According to Wife, she suffered from chronic mental illness that prevented her from caring for the children during that time. On August 27, 1999, the court transferred custody of the parties' two children to Husband and terminated his obligation to pay child support. Wife admits that she had little to no contact with the children and did not financially support them after the court gave Husband full custody.

More than sixteen years later, on October 5, 2015, Wife filed a petition for civil and criminal contempt against Husband for his alleged failure to provide her with her share of his military retirement benefits pursuant to the parties' marital dissolution

2

agreement.[1]  Wife's petition further sought a judgment against Husband for her share of the military retirement benefits Husband had already received prior to the filing of her petition.  Husband denied that he owed any retirement benefits to Wife because, on April 12, 2004, the Department of Army sent Husband a letter stating that he had been "erroneously transferred to the Retired Reserve," and that he was not eligible for retirement pay at age sixty.  After a great deal of effort on husband's part, including returning to the military for a period of time long after his divorce from Wife, he eventually qualified for military retirement benefits, albeit a different type of benefits than he was originally promised.  Husband also filed a counter-complaint against Wife seeking back child support for the period during which he maintained sole custody of the parties' children, specifically August 1999 through May 2004.

At trial, the court was charged with determining five main issues: (1) Whether Wife was entitled to the entry of an order allocating her a portion of Husband's military retirement; (2) If Wife was entitled to a portion of Husband's military retirement benefits, to what amount or percentage was she entitled; (3) Whether Wife was entitled to a judgment for a portion of the retirement benefits that had already been distributed to Husband; (4) Whether Husband was entitled to a judgment against Wife for child support; and (5) If Husband was entitled to a judgment for child support, to what amount was he entitled.  On April 11, 2016, the trial court heard argument from counsel for both parties, testimony from Husband and Wife, and reviewed more than twenty exhibits entered into evidence.  In a thorough and carefully crafted opinion, the trial court issued a written order on May 6, 2016, in which it determined that Wife was entitled to 30.20838 percent of Husband's retirement benefits going forward, but the court declined to award Wife any portion of the benefits Husband received prior to the hearing because Wife had not presented sufficient proof as to the amount of those benefits.  The court also awarded Husband retroactive support in the amount of $36,246.00 pursuant to the Child Support Guidelines in effect during the years in which Wife's obligation was incurred.

Wife subsequently filed a motion for the court to reconsider the issues of which Child Support Guidelines applied to her obligation and whether she should be awarded back retirement distributions.  On June 20, 2016, the trial court entered a final order denying Wife's motion to reconsider.  Wife then timely filed this appeal.

## II. ISSUES PRESENTED

Wife presents the following issues for review on appeal, which we have restated:

1.    Whether the trial court erred applying the Child Support

---

[1]Wife's claims for contempt were subsequently dismissed and are not at issue on appeal.

Guidelines in effect when wife first incurred the obligation to pay child support rather than the Child Support Guidelines in effect when the amount of child support was later calculated?

2.     Whether the trial court erred in declining to award wife a judgment for a portion of husband's military retirement that he received prior to trial?

Husband rephrases Wife's issues on appeal and presents the following additional issue for review, which we have restated:

3.     Whether the trial court made a mathematical error in calculating wife's percentage share of husband's military retirement benefits?

## III. STANDARD OF REVIEW

In nonjury cases, this Court's review is *de novo* upon the record of the proceedings in the trial court, with a presumption of correctness as to the trial court's factual determinations, unless the evidence preponderates against those findings. Tenn. R. App. P. 13(d); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's conclusions of law, however, are afforded no such presumption. *Campbell v. Florida Steel,* 919 S.W.2d 26, 35 (Tenn.1996).

## IV.     DISCUSSION

### 1. Calculation of Retroactive Child Support

The initial divorce decree in this case incorporated a marital dissolution agreement granting both parties joint legal custody and control of the two minor children. At that time, Husband was required to pay Wife $1,500.00 per month in child support. However, pursuant to the trial court's order entered August 27, 1999, full custody of the parties' children was transferred to Husband. The order further stated that "[Husband's] child support payments shall terminate. [Wife] has a duty to pay child support, but the amount of that support is reserved."

There is no dispute in this case about whether Mother owes child support; the only question is what amount of support is owed. In Tennessee, a parent's child support obligation is governed by the Child Support Guidelines set forth by the Tennessee Department of Human Services in accordance with Tennessee Code Annotated section 36-5-101(e). Husband argued at trial, as he does now on appeal, that the Child Support

4

Guidelines in effect at the time Mother's child support obligation was incurred in 1999 should be applied to determine the amount of retroactive child support due. Mother contends that the guidelines in effect at the time Husband filed his petition for child support should apply.

The determination of which Child Support Guidelines to use is of particular importance in this case because the Guidelines in effect from August 27, 1999, when Husband was awarded custody of the children, until May 2004, when the youngest child graduated from high school, provided that child support was based on the income of the non-custodial parent, which was Wife. Also, the guidelines in effect at that time would consider the alimony Wife received from Husband as income for purposes of calculating her child support obligation, and that alimony was Wife's primary source of income during the relevant period. *See* Tenn. Comp. R. & Regs. 1240-02-04-.03 (1994). On the other hand, the current Guidelines, which were promulgated in 2005, are based on an "income shares model" that would also take Husband's income into account when establishing Wife's child support obligation. *See* Tenn. Comp. R. & Regs. 1240-02-04-.03 (2006); *Farmer v. Stark*, No. M2007-01482-COA-R3-CV, 2008 WL 836092 (Tenn. Ct. App. Mar. 27, 2008). Moreover, the current Guidelines would not include alimony that Wife received from Husband for purposes of determining her income. *See* Tenn. Comp. R. & Regs. 1240-02-04-.03 (2006) Both parties acknowledge that Wife's child support obligation will likely be lower if calculated using the current Child Support Guidelines rather than those in effect in 1999.

The trial court adopted Husband's theory on Wife's child support obligation and held that "the guidelines applicable during the relevant periods said support obligations would have become due should be used." We have articulated our standard of review of a trial court's decision on child support as follows:

> [T]he adoption of the Child Support Guidelines has limited the courts' discretion substantially, and decisions regarding child support must be made within the strictures of the Child Support Guidelines.
> . . . .
> Because child support decisions retain an element of discretion, we review them using the deferential "abuse of discretion" standard. . . . Discretionary decisions must, however, take the applicable law and the relevant facts into account.

*Richardson v. Spanos*, 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005) (internal citations omitted). In this case, the Child Support Guidelines directly address the issue at hand:

The Child Support Guidelines established by this Chapter shall be applicable in every judicial or administrative action to establish, modify, or enforce child support, whether temporary or permanent, whether the action is filed before or after the effective date of these rules, where a hearing which results in an order establishing, modifying, or enforcing support is held after the effective date of these rules.

Tenn. Comp. R. & Regs. 1240-02-04-.01(2)(a). Furthermore, the Child Support Guidelines set forth the following instructions for calculating the amount of retroactive child support due:

For the monthly BCSO [basic child support obligation], **apply the Guidelines in effect at the time of the order, using the Child Support Worksheet**. Use the average monthly income of both parents over the past two (2) years as the amount to be entered for "monthly gross income," unless the tribunal finds that there is adequate evidence to support a different period of time for use in the calculation and makes such a finding in its order. Do not include any current additional expenses on the retroactive worksheet. Complete the worksheet for the retroactive monthly amount, and multiply the amount shown on the worksheet as the "Final Child Support Order" times the number of months the tribunal has determined to be the appropriate period for retroactive support.

Tenn. Comp. R. & Regs. 1240-02-04-.06(3)(a) (emphasis added). Considering the foregoing, we conclude that the trial court should have calculated Wife's retroactive child support obligation using the Child Support Guidelines in effect at the time of the court's 2016 ruling.

Husband contends that it would be unjust to apply the Child Support Guidelines in effect in 2016, given that the parties' youngest child graduated from high school in 2004, and that the trial court appropriately applied its discretion in deciding to use the previous guidelines. The amount of child support derived from the application of the formula set forth in the Child Support Guidelines is the *presumptive* amount of child support, and this amount is rebuttable. Tenn. Code Ann. § 36-5-101(e)(1)(A); Tenn. Comp. R. & Regs. 1240-02-04.01(1)(d)(1). A trial court may use its discretion to deviate from the guidelines when determining retroactive child support, but "this discretion is narrow and must be exercised within the constraints and limitations of the guidelines." *Redmond v. Hunt*, No. W2004-00217-COA-R3-JV, 2004 WL 2848385 (Tenn. Ct. App. Dec. 10, 2004). If the trial court determines that a deviation from the guidelines is necessary, the Child Support Guidelines require the trial court to make written findings of the following:

1. The reasons the tribunal deviated from the presumptive amount of child support that would have been paid pursuant to the Guidelines;

2. The amount of child support that would have been required under the Guidelines if the presumptive amount had not been rebutted; and

3. A finding by the tribunal that states how, in its determination,

   (i) Application of the Guidelines would be unjust or inappropriate in the particular case before the tribunal; and

   (ii) The best interests of the child or children who are subject to the support award determination are served by deviation from the presumptive guideline amount.

Tenn. Comp. R. & Regs. 1240-02-04.01(1)(e). In the trial court's order denying Wife's motion to reconsider, the trial court stated the following:

> To the extent that any reviewing Court determines that this Trial Court should have applied the child support guidelines in effect at the time of the hearing, this Court makes an additional finding that a deviation from said guidelines is warranted in consideration of the best interest of the children and the equity between the parties. The Court bases said finding on the fact that at the time [Husband] assumed "custody" of the minor children in this matter, the applicable guidelines clearly anticipated the inclusion of "alimony" received by the non-custodial parent as income for purposes of the calculation of child support. At the time of the entry of the Order transferring custody to [Husband], both parties were lawyers with a superior knowledge of the law to that of a lay person. Additionally, this Court finds, based on the proof elicited at the trial of this matter that [Wife] had little if any contact with the children during their minority (after a transfer of custody to [Husband]), provided absolutely no financial assistance for the minor children during the applicable period and further did not seek gainful employment during said applicable period of child support or at a minimum was under-employed based on her education, training and work experience.

Pursuant to the Child Support Guidelines, the trial court was required to first determine the presumptive amount of child support due and then make specific findings regarding any deviation therefrom. In the case at hand, we have determined that the trial court did not employ the proper Guidelines to calculate Wife's child support obligation. There was

7

thus no initial determination of the proper presumptive child support amount as required in order to justify any deviations. While we understand the trial court's concerns, we respectfully conclude that the trial court's order does not comply with the requirements explicitly set forth in Tenn. Comp. R. & Regs. 1240-02-04.01(1)(e) in order for a trial court to deviate from the presumptive child support obligation contemplated under the current Child Support Guidelines.

In light of the foregoing, we reverse the judgment of the trial court with respect to the calculation of wife's child support obligation and remand with instructions to re-calculate child support using the Child Support Guidelines in effect at the time of trial.

## 2. **Judgment for Back Retirement Benefits**

Wife also appeals the trial court's decision to not award her a judgment for her portion of retirement distributions that have been made to Husband since he reached the age of 60. The proof Wife submitted at trial on this issue consisted of testimony from Husband that he began receiving retirement benefits following his 60th birthday and that the first payment was received on or about October 1, 2012. Wife did not present any evidence at trial of the amount Husband had been receiving on a monthly basis or even specify the amount of the judgment she was seeking against Husband. For these reasons, the trial court declined to award Wife any of Husband's retirement benefits received prior to trial, holding that the court "heard absolutely no proof as to the monetary benefit received by [Husband] since his retirement" and that "the Court thus declines to award any Judgment for payments heretofore received by [Husband]."

After entry of this order, Wife filed a motion to reconsider requesting that the court amend its ruling and again requesting an award of back retirement benefits. In support of her motion, Wife attached one retiree account statement dated September 9, 2012, purporting to show that Husband receives $3,108.73 per month in retirement benefits. On June 20, 2016 the trial court entered an order denying Wife's motion to reconsider the issue of Husband's previously paid retirement benefits, stating in part that "each party was given adequate opportunity at trial to introduce proof as to the amount of retirement benefits which were received by [Husband], the specific amount of benefits claimed by [Wife], and [Wife's] proof failed as it relates to any of said accrued benefits."

In general, courts will construe and enforce the provisions of martial dissolution agreements like contracts. *Bogan v. Bogan*, 60 S.W.3d 721, 730 (Tenn. 2001); *Towner v. Towner*, 858 S.W.2d 888, 890 (Tenn. 1993); *Pylant v. Spivey*, 174 S.W.3d 143, 151 (Tenn. Ct. App. 2003). Wife was the party requesting a judgment for Husband's breach of the provisions of their marital dissolution agreement, and she therefore bore the burden of proof with respect to all essential elements of her claim, including

damages caused by Husband's alleged breach. *See ARC LifeMed, Inc. v. AMC-Tennessee, Inc.* 183 S.W.3d. 1, 26 (Tenn. Ct. App. Aug. 2, 2005) ("This Court has held: 'The essential elements of any breach of contract claim include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract.'" (citations omitted)). After reviewing the record in this case, we agree with the trial court that Wife failed to present evidence at trial regarding the amount of retirement benefits she was owed. Moreover, Wife cites no authority for the proposition that the trial court had a duty to use Wife's proof presented post-trial and conduct an independent calculation in order to make an award of back retirement benefits. We conclude that the trial court did not abuse its discretion in denying Wife's motion to reconsider based on its finding that Wife had presented no proof that the evidence submitted was not available to her at the time of trial.

### 3. <u>Wife's Percentage of Military Retirement Benefits</u>

Husband has not appealed the trial court's ruling that Wife is entitled to a percentage of his military retirement benefits going forward from the date of trial. Husband asserts, however, that the trial court made a mathematical error in calculating Wife's coverture percentage of his retirement benefits. We agree. The trial court used the coverture fraction formula to divide Husband's military retirement in this case. Pursuant to this method, in order to determine what portion of Husband's retirement asset is subject to division between Husband and Wife, one must divide the number of months of Husband's creditable service attained during the parties' marriage (the numerator), by the total number of months of creditable service Husband had accumulated at retirement (the denominator). Wife's percentage is then one half of that amount. The trial court simply made a minor mathematical error in the actual calculations.

<u>Numerator</u>: The trial court accurately calculated the numerator of the marital portion of Husband's retirement benefits as 145 months. The parties married on August 4, 1979, and Husband's initial effective retirement date was September 29, 1994, totaling 15 years and one month of Husband's military service occurring during the marriage. However, there were three years during that time period during which Husband did not accumulate the required number of points in order for those years to count toward his retirement. Therefore, the trial court correctly subtracted those three years and determined the total amount of time during the marriage qualifying for military retirement to be twelve years and one month, or 145 months.

<u>Denominator</u>: The trial court then used the figure of 20 years, or 240 months, as Husband's total number of months of creditable service, making 240 the denominator portion of the coverture fraction formula. The court therefore calculated the martial

portion of Husband's retirement benefits to be 145/240, or 60.41667 percent, with Wife's half of that being 30.20838 percent. However, it is undisputed that Husband actually accrued 21 years, four months, and eighteen days of creditable military service, or 257 months. Therefore, the denominator applied to the formula should have been 257 rather than 240.

When the proper denominator is applied, the marital portion of Husband's retirement benefits is 145/257, or 56.45023 percent. Wife's percentage of the marital portion is then one half of that amount, or 28.21011 percent. We therefore modify the trial court's order to reflect Wife's percentage of Husband's military retirement benefits to be 28.21011 percent.

## 4. **Attorney's Fees on Appeal**

Husband has requested that this Court grant him attorney's fees incurred on appeal. The determination of whether to award attorney's fees on appeal is within the sole discretion of the appellate court. *Moses v. Moses*, E2008-00257-COA-R3-CV, 2009 WL 838105, at *10 (Tenn. Ct. App. Mar. 31, 2009) (*no perm. app. filed*) (citing *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995)). In support of his application for fees, Husband reiterates his argument that Wife's positions on appeal are without merit. Considering the outcome of this appeal, we decline Husband's request.

## IV. CONCLUSION

For the foregoing reasons, we reverse the trial court's calculation of Wife's child support obligation and remand with instructions to re-calculate child support using the Child Support Guidelines in effect at the time of trial. We modify the order of the trial court to correct the percentage of retirement benefits to which Wife is entitled. We affirm the remainder of the judgment of the trial court. We decline Husband's request for attorney's fees incurred on appeal. Costs of this appeal are taxed one-half to the appellee, Joseph A. Woodruff, and one-half to the appellant, Cheryl S. Maher, and her surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE