IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 15, 2007 Session

## DIANA B. HANNAHAN v. TERRY Q. HANNAHAN

**Appeal from the Probate and Family Court for Cumberland County**
**No. 15280     Larry M. Warner, Judge**

---

**No. E2006-2188-COA-R3-CV - FILED MAY 30, 2007**

---

The trial court held Husband in contempt because he failed to comply with the terms of a post-divorce agreed order which modified the terms of the divorce decree regarding the disposition of the marital residence.  On appeal, Husband argues that the agreed order was void because the trial court was without jurisdiction to modify the divorce decree after it became final. We hold that the agreed order, which was a modification of the divorce decree by the parties, was valid and enforceable. Accordingly, the trial court did not err in enforcing the terms of the agreed order by holding Husband in contempt of court for noncompliance with the order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate and Family Court Affirmed**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

John E. Appman, Jamestown, Tennessee, for the appellant, Terry Q. Hannahan.

Brett A. York and Kevin R. Bryant, Crossville, Tennessee, for the appellee, Diana B. Hannahan.

## OPINION

### I. Background

Terry Q. Hannahan ("Husband") and Diana B. Hannahan ("Wife") were divorced by final decree entered on June 17, 2004.  The decree incorporated a marital dissolution agreement providing, among other things, that the parties would own the former marital residence as tenants-in-common, that Wife would have the right to live there as long as she wished, and that the parties would be equally responsible for monthly mortgage payments, taxes, and insurance payments on the property.

On April 5, 2006, Husband and Wife signed an agreed order modifying the terms of their

marital dissolution agreement by providing, among other things, that Wife would refinance the former marital residence and that Husband would sign any and all documents required by the mortgagor to assist in the refinancing, including quitclaiming his interest in the property to Wife. Thereafter, Wife filed a petition for contempt, alleging that Husband had failed to abide by this agreed order because he had not signed the documents necessary for Wife to refinance the marital residence.

Following a hearing on the petition, the trial court ruled that Husband was in contempt for failing to sign a quitclaim deed and other documents necessary to the refinancing of the marital residence as required by the April 5, 2006 agreed order. Husband appealed.

## *II. Issue*

The sole issue we address is whether an agreed order, which modifies the property rights of the parties as set forth in their marital dissolution agreement and incorporated in their final divorce decree, is a valid order.

## *III. Analysis*

This issue of the validity of the agreed order is a question of law; therefore, our review is de novo without a presumption of correctness as to the trial court's decision. ***Campbell v. Florida Steel Corp.,*** 919 S.W.2d 26, 35 (Tenn. 1996); ***Presley v. Bennett***, 860 S.W.2d 857, 859 (Tenn. 1993).

The final divorce decree was entered on June 17, 2004, and the consent judgment signed by both parties and their lawyers was entered almost two years later. Husband asserts that the 2006 consent judgment, which purported to change the parties' ownership rights to the marital residence as set forth in the marital dissolution agreement, was void, and therefore, he should not have been held in contempt for failing to comply with its terms. He relies on ***Pierce v. Tharp***, 461 S.W.2d 950, 953 (Tenn. 1970), wherein the Tennessee Supreme Court noted that a court loses control or jurisdiction over its final judgments when the term of court is ended or when there has been an expiration of thirty days, and thus, the court cannot set aside a judgment from a previous term, even by consent, except for a clerical mistake or inadvertence. *See also* ***State v. Dalton***, 72 S.W. 456, 457 (Tenn. 1903). Husband acknowledges that even after thirty days a trial court retains the power to modify a final judgment as to alimony or child support, but not as to the parties' rights to marital property.

We hold that the consent decree entered after the divorce decree was final is a valid order that the trial court had the authority to enforce by its contempt powers. A marital dissolution agreement is a contract between parties contemplating divorce. ***Gray v. Estate of Gray***, 993 S.W.2d 59, 63 (Tenn. Ct. App. 1998). After a divorce decree becomes final, a marital dissolution agreement becomes merged into the decree as to matters of child support and alimony, and the trial court has continuing statutory power to modify the decree as to those matters when justified by changed circumstances. ***Penland v. Penland***, 521 S.W.2d 222, 224 (Tenn. 1975). To the extent that a marital

dissolution agreement is an agreement as to distribution of marital property it does not lose its contractual nature by merger into the decree of divorce and is not subject to later modification by the court. *Towner v. Towner*, 858 S.W.2d 888 (Tenn. 1993). Thus, we agree with Husband that the parties' agreement at the time of divorce as to disposition of the marital residence was not subject to modification by the trial court at the time of the consent order of April 5, 2006. However, because the marital dissolution agreement, as a property settlement agreement, retained its contractual nature, it was subject to modification *by the parties*:

> [B]y the rules of the common law, it is competent for the parties to a simple contract in writing, before any breach of its provisions, altogether to waive, dissolve, or abandon it, or to add to, change, or modify it, or vary or qualify its terms, and thus make it a new one. The reason for this is that simple contracts, whether written or otherwise, are, in the absence of a statute changing the rule, of the same dignity in contemplation of law, and therefore the written contract may be changed, modified, or waived in whole or in part by a subsequent one, express, written, oral, or implied.

*Galbreath v. Harris*, 811 S.W.2d 88, 91 (Tenn. Ct. App. 1990) (citing 17 Am. Jur. 2d *Contracts* § 466 (1964)).

The consent order entered on April 5, 2006, did not constitute a modification of the marital dissolution agreement by the trial court or consent by the parties that the court be allowed to modify such agreement, but rather constituted modification of the agreement by Husband and Wife. As we have previously stated, "[a] consent judgment does not reflect the judgment of the court, but is merely an agreement between the parties to a lawsuit which has been placed into the record by the court." *In re Estate of Jones*, 154 S.W.3d 582, 585 (Tenn. Ct. App. 2004) (citing *Harbour v. Brown for Ulrich,* 732 S.W.2d 598, 599 (Tenn. 1987)).

Absent mistake or fraud, neither of which was alleged by Husband in this case, "a consent decree is so binding as to be absolutely conclusive upon the consenting parties." *Third National Bank v. Scribner*, 370 S.W.2d 482, 486-87 (Tenn. 1963). Accordingly, Husband was obligated to comply with the terms of the April 5, 2006 order which he signed, and we find no error in the trial court's decree holding him in contempt for his failure to do so.

### *IV. Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed to the appellant, Terry Q. Hannahan.

_____
SHARON G. LEE, JUDGE