# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 21, 2014 Session

## BARBARA M. HICKS VICK v. BRANDON P. HICKS

**Appeal from the Circuit Court for Shelby County**
**No. CT00346711      Robert Samual Weiss, Judge**

_____

**No. W2013-02672-COA-R3-CV - Filed November 17, 2014**

_____

This appeal arises from the trial court's dismissal of Appellant Brandon Hicks' ("Husband") petition to terminate his alimony obligation. After his ex-wife, Appellee Barbara Hicks Vick ("Wife"), remarried, Husband petitioned the trial court for relief under Tennessee Code Annotated § 36-5-121(g)(2)(C). Wife moved to dismiss Husband's petition, arguing that the parties' marital dissolution agreement ("MDA") contained a non-modification clause with respect to Husband's alimony obligation. The trial court granted Wife's motion, and Husband filed a timely appeal to this Court. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ARNOLD B. GOLDIN, J. delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and RICHARD H. DINKINS, J. joined.

Christopher L. Nearn and David Michael Waldrop, Memphis, Tennessee, for the appellant, Brandon P. Hicks.

Henry Warren Miller, III, Memphis, Tennessee, for the appellee, Barbara M. Hicks.

### OPINION

### I. Background

This post-divorce action arises from the trial court's dismissal of Husband's petition to terminate his alimony obligation. Husband and Wife were originally divorced by a final decree of divorce that was entered on March 20, 2012. The final decree acknowledged that the parties had entered into a written MDA and permanent parenting

plan, and it specifically incorporated both agreements by reference. The MDA purported to settle all issues regarding the parties' rights and obligations arising out of their marital relationship and contained various provisions allocating the parties' property and debts. In addition, the MDA contained a designated alimony provision under which Husband agreed to pay Wife "transitional alimony" for a sixty month period following the granting of the divorce. Notably, this alimony provision stated that "[t]he alimony shall not be modifiable by either party."

Subsequent to her divorce from Husband, Wife remarried. Citing this remarriage as an event that would justify relief under Tennessee Code Annotated § 36-5-121(g)(2)(C), Husband initiated the present action on June 12, 2013, by filing a petition to terminate his alimony obligation. Wife responded to Husband's petition on June 27, 2013, by moving the trial court to dismiss his petition for failure to state a claim upon which relief can be granted. The agreement that was established in the parties' MDA, she noted, specifically provided that Husband's alimony obligation was not subject to modification. On September 20, 2013, the trial court held a hearing on Wife's motion, and shortly thereafter, on November 4, 2013, the trial court entered a written order granting dismissal. In its order, the trial court stated that it was unable to modify the final decree and terminate Husband's alimony obligation due to the non-modification clause that accompanied the MDA's alimony provision. Asserting that this dismissal of his petition was in error, Husband now appeals to this Court.

## II. Issue Presented

Husband raises[1] one issue on appeal, which we have restated as follows:

Whether the trial court erred in granting Wife's motion to dismiss Husband's petition to modify the final decree and terminate his alimony obligation.

## III. Standard of Review

A motion to dismiss for failure to state a claim upon which relief can be granted "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) (citations omitted). "The motion admits the truth of the factual allegations in the complaint but asserts that the alleged facts fail to establish a basis for relief." *Stewart v. Schofield*, 368 S.W.3d 457, 462 (Tenn. 2012) (citation omitted).

___

[1]Although Husband argues in his brief that the attorney's fees and expenses awarded to Wife in the trial court's order granting her motion to dismiss should be reversed, this argument is made in connection with Husband's contention that the dismissal of his petition should be reversed. Husband does not separately assert that the amount of fees and expenses awarded by the trial court was in error or unreasonable.

Resolution of the motion is determined solely by an examination of the pleadings, and when considering a motion to dismiss, "courts must construe the assertions in the complaint liberally[.]" *Leggett v. Duke Energy Corp.*, 308 S.W.3d 843, 851 (Tenn. 2010) (citations omitted). The motion should be granted only when "it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief[.]" *White v. Revco Disc. Drug Ctrs., Inc.*, 33 S.W.3d 713, 718 (Tenn. 2000) (citation omitted). On appeal, our review of the trial court's decision is *de novo* with no presumption of correctness. *Leggett*, 308 S.W.3d at 851 (citations omitted).

## IV. Discussion

In this case, the crux of the dispute between the parties concerns the legal effect that should be given to the non-modification clause contained within the MDA's alimony provision. In its entirety, the MDA's alimony provision reads as follows:

> 11. **ALIMONY.** Husband shall pay to the Wife transitional alimony for a period of sixty (60) months following the granting of the Final Decree of Divorce, to be determined as follows:
>
> child support shall be set in compliance with the Tennessee Child Support Guidelines as set forth in the Permanent Parenting Plan. It is agreed that Husband shall pay to the Wife the sum of $3,000 per month. Any amount paid by Husband above court ordered child support shall be considered alimony and shall be includible as income to the Wife. The alimony shall not be modifiable by either party. The parties agree that Husband shall be allowed to pay the alimony directly to the mortgage company if Wife becomes more than 30 days late on any payment.
>
> The parties agree to divide equally any income tax refund received for calendar year 2011.

Whereas Wife argues that the non-modification language is controlling as a matter of contract law and compels this Court to affirm the trial court's ruling, Husband contends that the language is a nullity, a mere restatement of the pronouncement made in Tennessee Code Annotated § 36-5-121 that transitional alimony is generally nonmodifiable. Because the non-modification language in the MDA is simply superfluous from Husband's perspective, he suggests it does nothing to limit a court from entertaining a modification petition if one of the modification events outlined in Tennessee Code Annotated § 36-5-121(g)(2) actually occurs.

"A marital dissolution agreement is essentially a contract between a husband and wife in contemplation of divorce proceedings." *Gray v. Estate of Gray*, 993 S.W.2d 59, 63 (Tenn. Ct. App. 1998) (citation omitted). Interpreting the agreement is a matter of law, and on appeal, our review is *de novo* with no presumption of correctness. *Id.* The cardinal rule for contract interpretation is "to ascertain the intention of the parties from the contract as a whole and to give effect to that intention consistent with legal principles." *Id.* at 64 (citations omitted). "[W]ords expressing the parties' intentions should be given their usual, natural, and ordinary meaning[,]" and absent a showing of fraud or mistake, a court must enforce a contract as written, "even though it contains terms which may seem harsh or unjust." *Id.* (citations omitted).

Here, the agreement reached by the parties is clear. Support, as it is calculated in reference to the alimony provision, is to be paid by Husband to Wife for a period of sixty months following the granting of the divorce. Neither party is permitted to seek a modification of the arrangement, as the express terms of the alimony provision read that "**[t]he alimony shall not be modifiable by either party**." Even accepting all of the facts in Husband's petition as true, a plain reading of the MDA's terms countenances against his request for relief.

As already indicated, however, Husband contends that the trial court has continuing statutory authority to modify his alimony obligation. The MDA denominated the alimony to be paid to Wife as "transitional alimony," and it is generally true that such alimony is, by statute, potentially modifiable if one of the three contingencies outlined in Tennessee Code Annotated § 36-5-121(g)(2) is implicated. *See Miller v. McFarland*, No. M2013-00381-COA-R3-CV, 2014 WL 2194382, at *6 (Tenn. Ct. App. May 23, 2014) (noting that "if the alimony at issue is properly termed transitional alimony, it is subject to modification pursuant to [statute] regardless of whether the agreed MDA contains express modification terms"). Under the statute, transitional alimony is nonmodifiable unless one of the following qualifying events applies:

> A) The parties otherwise agree in an agreement incorporated into the initial decree of divorce or legal separation, or order of protection;
> (B) The court otherwise orders in the initial decree of divorce, legal separation or order of protection; or
> (C) The alimony recipient lives with a third person, in which case a rebuttable presumption is raised that:
> (i) The third person is contributing to the support of the alimony recipient and the alimony recipient does not need the amount of support previously awarded, and the court should suspend all or part of the alimony obligation of the former spouse; or

(ii) The third person is receiving support from the alimony recipient and the alimony recipient does not need the amount of alimony previously awarded and the court should suspend all or part of the alimony obligation of the former spouse.

Tenn. Code Ann. § 36-5-121(g)(2)(A–C) (2014).

Husband suggests Wife's remarriage justifies his right to seek statutory relief under subdivision (2)(C) above.

Although the above statute certainly represents a basis on which courts may exercise jurisdiction to modify transitional alimony awards, and courts within this state have frequently commented that marital dissolution agreements lose their contractual nature as to matters of alimony and child support when merged into final decrees, *see, e.g., Hannahan v. Hannahan*, 247 S.W.3d 625, 627 (Tenn. Ct. App. 2007), Husband's petition to terminate his alimony obligation cannot be maintained under the facts of this case. To adopt Husband's argument and disregard the non-modification language in the parties' MDA would rid that language of any meaning or effect, contravening elementary contract interpretation principles. *See Maggart v. Almany Realtors, Inc.*, 259 S.W.3d 700, 704 (Tenn. 2008) ("The interpretation should be one that gives reasonable meaning to all of the provisions of the agreement, without rendering portions of it neutralized or without effect.") (citation omitted). Although Husband may argue that the language is superfluous and has no specific relevance other than to restate a general default rule pronounced by statute elsewhere, such a meaning is not gleaned from the four corners of the MDA. "If the language of a written instrument is unambiguous, the Court must interpret it as written rather than according to the unexpressed intention of one of the parties." *Fisher v. Revell*, 343 S.W.3d 776, 779 (Tenn. Ct. App. 2009) (citation omitted). The non-modification language is unambiguous in this case, and we will enforce it as such. *See generally Riverside Surgery Ctr., LLC v. Methodist Health Sys., Inc.*, 182 S.W.3d 805, 811 (Tenn. Ct. App. 2005) (noting that the terms of a contract should be given their ordinary meaning when there is no ambiguity in determining the parties' intent from the four corners of the contract).

This case is distinguishable from this Court's previous ruling in *McFarland* wherein we stated that the "obligor spouse's right to seek modification based on the alimony recipient's cohabitation with a third party is guaranteed by statute." *McFarland*, 2014 WL 2194382, at *6. In that case, we determined that the alimony awarded in a divorce pursuant to an incorporated MDA was transitional alimony and thus subject to modification under Tennessee Code Annotated § 36-5-121(g)(2). *Id.* at * 7. Unlike the MDA in the case at bar, however, the parties' marital dissolution agreement in *McFarland* contained no specific terms concerning whether the obligor spouse's alimony obligation was, or was not, modifiable. *Id.* at * 4.

-5-

Undoubtedly, transitional alimony is generally subject to modification post-divorce if one of the contingencies in Tennessee Code Annotated § 36-5-121(g)(2) is established. Trial courts do possess such authority, as Husband has argued, as a matter of statute. *See* Tenn. Code Ann. § 36-5-121(g)(2) (2014). When, however, parties expressly agree in a marital dissolution agreement that a transitional alimony obligation shall not be modifiable, such an agreement should be deemed to have force. The alimony statutes are not applicable where the parties agree in a marital dissolution agreement to terms different[2] from those set out in the statutes. *See Honeycutt v. Honeycutt*, 152 S.W.3d 556, 563 n.5 (Tenn. Ct. App. 2003); *Myrick v. Myrick*, No. M2013-01513-COA-R3-CV, 2014 WL 2841080, at *4–6 (Tenn. Ct. App. June 19, 2014). Thus, notwithstanding whatever potential relief might otherwise be available generally as a matter of statute, the parties' agreement should take precedence. "Parties should be free to obligate themselves by agreement beyond what the courts could order them to do as a matter of law." *Holt v. Holt*, 751 S.W.2d 426, 428 (Tenn. Ct. App. 1988) (citation omitted). Moreover, the alimony statute specifically contemplates that divorcing parties, will at times, reach their own agreements as to support payments. *See* Tenn. Code Ann. § 36-5-121(n) (2014) (stating that "[n]othing in this section shall be construed to prevent the affirmation, ratification and incorporation in a decree of an agreement between the parties as to support and maintenance of a party"). In cases such as this one where the parties plainly state that the agreed-upon transitional alimony is nonmodifiable, courts should hold the parties to their agreement.[3]

---

[2]Here, the MDA's language is clear that the alimony obligation was not modifiable, and this absolute language does not reference or otherwise provide for any of the circumstances that are listed in the statute. The plain language is controlling and makes the circumstances listed in Tennessee Code Annotated § 36-5-121(g)(2)(A–C) inapplicable.

[3]Courts are often reluctant in disturbing alimony obligations included within marital dissolution agreements, as it must be presumed that the obligations were consideration for other provisions regarding the allocation of the property and debts of the marital estate. *Bryan v. Leach*, 85 S.W.3d 136, 150 (Tenn. Ct. App. 2001) (citations omitted). In this case, a close reading of the MDA reinforces the merits of the presumption behind this reluctancy. For example, in one section of the parties' MDA, the parties' marital residence was vested entirely with Wife, subject to her refinancing the mortgage against the property. The same provision went on to state that "[t]he parties agree that Husband can pay the monthly mortgage payment from Wife's alimony if she becomes more than 30 days late on a mortgage payment." This agreement regarding payments of the mortgage by Husband from his alimony obligation to Wife is later repeated within the MDA's alimony provision, although worded slightly differently: "The parties agree that Husband shall be allowed to pay the alimony directly to the mortgage company if Wife becomes more than 30 days late on any payment." When read in concert and considered alongside the non-modification language that accompanies the MDA's alimony award, these provisions actually bolster the notion that the alimony provision is integral to the larger property settlement of the parties' marital property, *see Towner v. Towner*, 858 S.W.2d 888, 890–91 (Tenn. 1993), rather than establishing a purely separate order of support. Such an agreement retains its contractual nature and is non-modifiable. *Id.* at 892.

## V. Conclusion

In light of the foregoing, we find that the trial court did not err in granting Wife's motion and dismissing Husband's petition to terminate his alimony obligation. The decision of the trial court is hereby affirmed. Costs of this appeal are assessed against the Appellant, Brandon P. Hicks.

_____

ARNOLD B. GOLDIN, JUDGE